[S. F. No. 11909. In Bank.—November 15, 1926.]

DIAMOND DRILL CONTRACTING CO. (a Corporation) et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION and GENERAL PETROLEUM COMPANY et al., Respondents.

[1] Workmen's Compensation Act—Personal Injuries—General and Special Employment—Liability.—An employee may at the same time be under a general and special employer; and when at the time of an injury both the general and special employers exert some measure of control over the employee, through their respective foreman or employees, both may be held liable under the Workmen's Compensation Law.

---

1. See 27 Cal. Jur. 335; 28 R. C. L. 774.

[2] Id.—Employer and Employee—Independent Contractor—Control of Employee.—Where, either by the terms of the contract or during the course of its performance, the employee of an alleged independent contractor comes under the control and direction of the other party to such contract and suffers injury in the course of and in consequence of such direction and control, the relation of both general and special employer may be held to exist, and the injured employee is entitled to compensation from both the general and the special employer.

---

(1) Workmen's Compensation Acts, C. J., p. 46, n. 31 New.
(2) Workmen's Compensation Acts, C. J., p. 46, n. 31 New.

APPLICATION for a Writ of Certiorari to review an order of the Industrial Accident Commission awarding compensation for death. Award annulled.

The facts are stated in the opinion of the court.

Frank J. Creede, Thomas W. Slaven and P. E. Pemberton for Petitioners.

G. C. Faulkner and R. C. Gortner for Respondents.

WASTE, C. J.—A claim was filed with the respondent Industrial Accident Commission by Elizabeth Winnifred Stanton on behalf of herself and her three minor children, seeking compensation for the death of her husband, James H. Stanton, which resulted from injuries received in the course of his employment. She joined as parties defendant the Diamond Drill Contracting Company and its insurance carrier, the State Compensation Insurance Fund, and the General Petroleum Corporation and its insurance carrier, the Hartford Accident and Indemnity Company. The Commission found that Stanton was injured while employed as an oiler by the Diamond Drill Contracting Company and that the General Petroleum Corporation was not the employer at the time. It made an award in favor of the applicants and against the State Compensation Insurance Fund, as insurance carrier, in the sum of $4,900, and

---

2. General or special employer's liability for compensation to injured employee, notes, 3 A. L. R. 1181; 34 A. L. R. 768. See, also, 27 Cal. Jur. 335.

relieved the Diamond Drill Contracting Company from liability. The defendants General Petroleum Corporation and Hartford Accident and Indemnity Company were dismissed from the action. A petition for a rehearing before the Commission was denied, and the Diamond Drill Company and State Insurance Fund sought, and were granted, a writ of *certiorari* to this court to review the award, on the ground that the evidence is not sufficient to support the finding of the Commission that the Drill Company was Stanton's employer at the time of his injury, and that there is no evidence supporting the finding that the Petroleum Corporation was not his employer.

General Petroleum Corporation and Diamond Drill Contracting Company entered into a contract for the drilling of three test-holes, at a stipulated price per foot, the Petroleum Corporation to have the option of terminating the agreement at any time during the drilling of the first well on payment of an agreed price per foot for the depth drilled. The Drill Company installed its equipment and began the work of drilling. Prior to the completion of the first hole, drilling operations were terminated by mutual consent. The Petroleum Corporation then decided to convert the test-hole into a water-well and it was arranged that Butler, the foreman of the Drill Company, and a portion of his crew, including Stanton, should remain to assist in this work. The Petroleum Corporation's engineer, Powers, and Richart, its expert perforator, assumed charge of the work of perforating the casing of the hole in the process of converting it into a water-well. The perforating equipment was furnished by the Petroleum Corporation. There is, in effect, no conflict in the evidence as to who actually instructed and had direction of the work. Butler, the Drill Company's foreman, received his orders in connection with this particular perforating job from the Petroleum Corporation's experts. He, in turn, passed the instructions on to his men. If he happened to be away, the men received instructions direct from Powers or Richart. The men's wages were advanced by the Drill Company, which was reimbursed by the Petroleum Corporation for the actual amount paid. At the time of Stanton's injury the crew was engaged in making a test to determine whether the perforating job was satisfactory. Stanton was dump-

ing the baler when he was struck by a falling block and
received the injuries which caused his death.   The work
the crew was engaged in at the time was entirely apart
from the drilling contract, which had been abrogated and
set aside.   Consequently the relation of the parties to that
transaction has no bearing on the question involved in this
proceeding.

It cannot be disputed that the decedent, Stanton, was an
employee of the Drill Company.   [1] But an employee
may at the same time be under a general and a special
employer.   When, at the time of the injury, both the gen-
eral and the special employers exert some measure of con-
trol over the employee, through their respective foremen
or employees, both may be held liable under the Workmen's
Compensation Law.   (Stats. 1913, p. 279.)   (*Employers' Lia-
bility Assur. Corp.* v. *Industrial Accident Com.*, 179 Cal.
432, 439 [177 Pac. 273].)   [2] Where, either by the terms
of the contract or during the course of its performance, the
employee of the alleged independent contractor comes under
the control and direction of the other party to such contract
and suffers injury in the course of and in consequence of
such direction and control, the relation of both general and
special employer may be held to exist, and the injured
employee is entitled to compensation from both the general
and the special employer.   (*Famous Players etc. Corp.* v.
*Industrial Accident Com.*, 194 Cal. 134, 136 [34 A. L. R. 765,
228 Pac. 5].)

The evidence taken before the Commission established
without question that though Stanton was under general
employment by the Diamond Drill Contracting Company
at the time he received the injury, he was, at the same
time, as clearly under special employment by the General
Petroleum Corporation.   There is no escape from that con-
clusion.   Butler, foreman for the Drill Company, got to-
gether the men who were to do the perforating job, and
with them reported to Powers, of the Petroleum Corpora-
tion, under instruction from the manager of the Drill
Company "to do whatever Powers wanted done."   As such
foreman Butler had general charge and supervision of the
men, but he was not familiar with the use of the tools em-
ployed in the work of perforating the casing, and Powers
and Richart, the specially employed experts of the Pe-

troleum Corporation, assumed direct control of the details of the work. They gave orders to the men, personally, as well as through Butler, as to how it should be done. While Butler was away Richart directed a rearrangement of a portion of the rigging used in the work in order that a "more direct blow" might be given the perforating tools. Under Butler's orders the change was made, and there is evidence in the record that such rearrangement "had a great deal to do with the accident" which subsequently happened.

On the facts, which admit of no dispute, the Commission was in error in finding that the General Petroleum Corporation was not an employer of Stanton at the time he received the injury subsequently resulting in his death. The claimant below was entitled to an award of compensation against both the Diamond Drill Company and the General Petroleum Corporation, as general and special employers of the decedent. The dismissal of the General Petroleum Corporation and the Hartford Accident and Indemnity Company, its insurance carrier, from the proceeding was, therefore, unwarranted.

The award is annulled, and the case is remanded for further proceedings before the Commission in keeping with the views herein expressed.

Finlayson, J., Curtis, J., Shenk, J., Richards, J., and Seawell, J., concurred.