[L. A. No. 14566. In Bank.—April 30, 1934.]

NATIONAL AUTOMOBILE INSURANCE COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, LILLIA E. WINKLER et al., Respondents.

F. Britton McConnell for Petitioner.

Arthur I. Townsend and Everett A. Corten for Respondents.

CURTIS, J.—This is a companion case to that of *Department of Water and Power* v. *Industrial Acc. Com.*, No. 14455, this day decided (*ante*, p. 638 [32 Pac. (2d) 354]). The petitioner herein, the National Automobile Insurance Company, was found by the Industrial Accident Commission to be the insurance carrier of the Mono Construction Company, at the time the employee, Winkler, met his death while operating a gasoline power shovel belonging to said construction company, which shovel with its operator and

helper had been rented to the Department of Water and Power of the City of Los Angeles by the Construction Company. An award of compensation was, therefore, made against the National Automobile Insurance Company, as the insurance carrier of the Mono Construction Company, as well as against the Department of Water and Power under the findings of the commission that the Mono Construction Company was the general employer and the Department of Water and Power was the special employer of the deceased employee at the time of his injury.

The National Automobile Insurance Company seeks to set aside said award on the ground that the evidence before the commission was insufficient to show that the deceased at the time of his injury was in the employ of Mono Construction Company or that the National Automobile Insurance Company was the insurance carrier of the construction company at the time of the injury to said deceased.

In addition to the facts set forth in the opinion in the case of *Department of Water and Power* v. *Industrial Acc. Com., supra,* it appears without contradiction that the Mono Construction Company, not only employed the deceased and paid him his wages, but that at all times he was subject to certain orders of the construction company, and that the company had authority to discharge him at any time it was dissatisfied with his work. It further appears that Mr. Post of the construction company paid daily visits to the job, spending there almost the entire time of each day and keeping a general oversight over the operation of the shovels in charge of its employees. These facts were sufficient to support the finding of the commission that the Mono Construction Company as the general employer of the deceased retained and exercised some measure of control over Winkler at the time of his injury, and justified the conclusion of the commission that the construction company was liable to the decedent's surviving widow for compensation resulting from his death. The supporting authorities cited in the companion case of *Department of Water and Power* v. *Industrial Acc. Com., supra,* furnish legal justification for the action of the commission in awarding compensation to said surviving widow under both the general and special employment of her deceased husband, and it is not necessary to restate them here.

■ The further question presented on this appeal is embodied in the contention of petitioner that the evidence before the commission was insufficient to support its finding that petitioner, the National Automobile Insurance Company, was the insurance carrier of the Mono Construction Company with respect to the injury and death of the deceased employee. In the first place it is contended by petitioner that its liability under the policy of insurance is limited to the specific location named in a rider or indorsement attached to the policy. This rider reads as follows: ''The insurance hereunder is limited as follows: It is agreed that, anything in this policy to the contrary notwithstanding, this policy DOES NOT INSURE: As respects injuries (or death resulting therefrom) sustained by any employees engaged in any operations other than those operations specifically rated and described as covered hereunder in the Classification of Operations schedule herein and that this policy shall only cover such operations of this Employer which are performed upon the following described premises or directly in connection with such operations:—1427 North Sycamore, Hollywood, California.'' It will be noted that the policy of insurance purports to limit the activities of the construction company to a specific location and to certain specified operations. These operations, as set forth in the body of the policy under the heading of ''Classification of Operations'' were as follows: ''Truckmen (N.O.C.). Payroll to include Drivers, Chauffeurs and their Helpers, Stablemen, Blacksmith and Repairmen, excluding only Clerical Office and Storage Warehouse Employees.'' The evidence shows that the address given in the rider was that of the employer, the Mono Construction Company's office, and from whence it carried on its business. The contention that it is not liable for the death of the deceased because his injury was sustained at a location other than that specified in the rider is without merit as it is apparent that the location given in the rider attached to the policy was only intended to designate the employer's place of business, and did not limit the liability of the insurer to injuries sustained at that particular location. This is made apparent by the ''Classification of Operations'' wherein the operation insured against is given as that of ''Truckmen, etc.'' If, assuming for the time being, as contended by petitioner, the policy is limited

to injuries sustained by the employer while engaged in the trucking business, it is apparent that while its office or principal place of business is designated to be at a particular location, its operations necessarily extend far beyond that locality and into and over other and distant locations. It would be impossible for an employer to carry on a trucking business by housing his trucks upon his premises and keeping them there continually. The very nature of such a business contemplates that the trucks, or other vehicles used therein, shall be sent from place to place as the business requires, and away from and beyond the location where they are kept when not in use. We agree with counsel for respondents that it would be absurd to hold that the policy of insurance limited the activities of the employer to the location given therein, which, as we have seen, the evidence shows is merely the office or principal place of business of the employer.

The further claim of the petitioner that its liability under the policy of insurance is limited to injuries sustained by its employees in the declaration of ''Classification of Operations'' specified in the policy of insurance, and that the ''Classification of Operations'' mentions simply, ''Truckmen'', including drivers, chauffeurs and their helpers, etc., presents a problem much more difficult of solution. The petitioner claims that its liability under the policy was limited to injuries sustained by employees of the construction company while engaged in an occupation within the terms of the policy and that the policy covers only ''Truckmen'', including drivers, chauffeurs, and their helpers, etc., and that as the deceased was injured while operating a gasoline power shovel, he was not at that time engaged in any occupation covered by the policy of insurance issued by petitioner.

The evidence before the commission showed, and that body found, that ''Mark A. Winkler, deceased, while employed as a gasoline power shovel operator'', sustained injuries arising out of and occurring in the course of his employment causing his death. While there is some evidence to the effect that the deceased during his employment by the Construction Company drove at times a truck for his employers, it is apparent that that service was only incidental to his regular employment as an operator of a gasoline propelled shovel. The evidence furthermore shows that at

the time he received his fatal injuries he was so employed. That there is but slight, if any, similarity between an ordinary truck and a gasoline shovel must be conceded. The operations and uses of the two machines are entirely different. It is not necessary here to describe either the operation or use of either of these instrumentalities, as they are matters of common knowledge. The two machines bear no resemblance to each other, and the term, truck, cannot by any stretch of construction be extended to include or embrace a gasoline shovel. Therefore, when the policy of insurance issued by petitioner limited its liability to injuries sustained by an employee engaged in the operation of a truck, can the insurance carrier be held for the death of an employee injured while operating a gasoline shovel?

In the case of *Worswick Street Paving Co.* v. *Industrial Acc. Com.,* 181 Cal. 550 [185 Pac. 953], it was held that an insurance policy issued by an indemnity company to a street paving company did not cover liability for the death of a laborer in the employ of a paving company while engaged in trench excavation work, where the policy contained a proviso expressly excepting the work of constructing sewers. The court held that the ''trench excavation'' or conduit upon which the employee was working at the time of his injury was a sewer, and as work in the construction of a sewer was expressly excepted from the policy the insurance carrier was not liable for the injury of the employee sustained while working on said trench excavation. While there is no exception in the policy of insurance issued by the petitioner herein, excluding the work of operating a gasoline shovel, said policy of insurance contained no provision which expressly or by implication fixed liability upon the insurance carrier for an injury to an employee sustained while operating a gasoline shovel. The effect of the decision in *Worswick* v. *Industrial Acc. Com., supra,* is that an insurance carrier cannot be held liable for an injury not covered by the terms of the policy of insurance. As we have seen, the facts in this case are that the policy issued by the petitioner covered truckmen, including drivers, etc., and made no mention directly or indirectly of any other class of employees. It cannot, therefore, be construed as rendering the carrier liable for any injury sustained by an employee while engaged in operating a gasoline shovel or

in any other line of employment, other than that set forth in the policy of insurance.

In the case of *Pacific Coast Cas. Co.* v. *Industrial Acc. Com.*, 176 Cal. 24, 25 and 26 [167 Pac. 539], an award was made against the insurance carrier, the petitioner in said proceeding, for injuries sustained by the superintendent of a mine operated by the insured, which caused the death of said superintendent. In the course of the opinion the court said: "It seems perfectly clear that the occupation of mine superintendent is not included within any employment specifically designated in the stipulation. The respondents do not, indeed, dispute that. But it is argued that the policy itself, a copy of which is attached to the return, was intended to have a broader scope, and to cover the superintendent, as well as the miners performing manual labor in the mine. But . . . we think the policy itself was clearly intended to cover only employees engaged in the specified employments." The court therefore held (p. 27): "It is apparent, therefore, that the premium for which the Casualty Company undertook to insure the Mining Company was based upon the pay received by the specified employees. The fair construction of the policy is that which the parties adopted when they made their stipulation of facts, namely, that the insurance was designed to cover employees of the designated classes, they being the ones whose compensation furnished the measure of the premium, in consideration of which the Casualty Company assumed the risk." The court accordingly annulled the award against the Casualty Company. The stipulation referred to by the court in its opinion was that the Mining Company had a "Workmen's Compensation policy with the Pacific Coast Casualty Company covering the employees operating its mining properties at Coulterville covering miners, hoistmen, surface trainmen, timekeeper and roustabout, millmen, blacksmith and helper, and cook and waiter". In that case the court refused to extend the terms of the policy to cover the superintendent of the mine, although he was one of the employees of the company in its operation of the mine. Here, we are asked to extend the terms of the policy to an employee who was not mentioned in the policy and who was engaged in an entirely different and distinct line of employment from those specified therein. That this cannot be done we think

is clear from the authorities above cited, as well as from the following: *Western Indemnity Co.* v. *Industrial Acc. Com.,* 43 Cal. App. 487 [185 Pac. 306]; *Kugler* v. *Industrial Acc. Com.,* 63 Cal. App. 308 [218 Pac. 472]; *Ocean A. & G. Corp., Ltd.,* v. *Industrial Acc. Com.,* 104 Cal. App. 34 [285 Pac. 707].

The respondent relies upon the case of *Ocean etc. Corp., Ltd.,* v. *Industrial Acc. Com.,* 194 Cal. 127 [228 Pac. 1], in support of the award against the insurance carrier. Respondent contends that this court in that case held that a description contained in the declaration of "Classification of Operations" is to be taken not as limiting the list of operations in which the insured might engage, but only as fixing a premium rate applicable to the particular operations described therein, and even though the insured was engaged at the time of the injury in work outside the terms and limitations expressed in said declaration of "Classification of Operations", the effect was not to take the employer or employee outside the protection of the policy, but was only to require the employer to pay a different or additional premium than that provided for the particular employments specified in said declaration. We do not construe the decision in that case as laying down a general rule to that effect, which would be applicable to all policies of compensation insurance. The court in construing the particular policy which was then before it, held that, due to the particular provisions of that policy of insurance, the declaration of "Classification of Operations" did not fix the list of operations which were insured against by the policy. The court called particular attention to a provision in the policy which by its terms purported to extend the list of operations to other employments not mentioned in the declaration of "Classification of Operations". This provision reads as follows: "If any operations as above defined are undertaken by this employer but are not described or rated in said Declaration, this employer agrees to pay the premium thereon, at the time of the final adjustment of the premiums in accordance with Condition C hereof, at the rates and in compliance with the rules of the Manual of Rates in use by the Company upon the date of the issue of this policy." Basing its conclusion upon this provision of the policy, as well as others referred to in the opinion, the court held that

under that particular policy the list of operations covered by the policy was not limited to the declaration of "Classification of Operations". No provision, like or similar to the one just quoted, is to be found in the policy of insurance issued by the petitioner. On the other hand, there is to be found in the present policy the following stipulation: "The foregoing enumeration and description of employees include all persons employed in the service of this Employer in connection with the business operations above described to whom remuneration of any nature in consideration of service is paid, allowed or due, together with an estimate for the Policy Period of all such remuneration." The effect of this stipulation in the policy is not to extend the list of operations set forth in the "Classification of Operations", but on the other hand, it specifically states that the employees enumerated therein include all persons in the service of the employer in connection with its said business operations to whom remuneration is paid. Respondent places some reliance upon the further stipulation in the policy reading as follows: "The foregoing estimates of remuneration are offered for the purpose of computing the advance premium. The Company shall be permitted to examine the books of this Employer at any time during the Policy Period and any extension thereof and within one year after its final termination so far as they relate to the remuneration earned by any employee of this Employer while the Policy was in force." We fail to see that this stipulation helps the respondent's position. The "estimate of remuneration" mentioned therein refers to remuneration of the employees set forth in the "Classification of Operations" which, as we have seen, were truckmen, etc. The policy was to continue for a year. It would be, of course, impossible at the beginning of this period to do more than estimate the remuneration of said employees during the whole year, and this provision of the policy simply gives to the insurance carrier the right to examine the books of the insured during that period and for a year thereafter to ascertain the true amount of remuneration paid said employees. It does not in any way purport to extend the coverage provisions of the policy to any employees of the insured not included in the declaration of "Classification of Operations".

Even should we concede that in the body of the policy of insurance issued by petitioner are to be found certain provisions which might form the basis of an argument that would bring this case within the doctrine announced by this court in the case of *Ocean etc. Corp., Ltd.,* v. *Industrial Acc. Com., supra,* although in our opinion it would be most difficult to successfully sustain such argument, yet such provisions if so construed would be inconsistent with the provisions of the indorsement or rider attached to the policy and quoted above, wherein it is expressly provided as follows: "It is agreed that, anything in this policy to the contrary notwithstanding, this policy DOES NOT INSURE: As respects injuries (or death resulting therefrom) sustained by any employees engaged in any operations other than those operations specifically rated and described as covered hereunder in the Classification of Operations schedule herein." As we have seen, the "Classification of Operations" included only, "Truckmen. Payroll to include Drivers, Chauffeurs, and their helpers, Stablemen, Blacksmiths and Repairmen." Here is a positive and clear statement that the policy does not cover an employee sustaining an injury while engaged in any operation not rated and described in the "Classification of Operations". This statement, as we have seen, is contained in the indorsement or rider to the main policy. It therefore controls any provision in the policy inconsistent therewith. (Cooley's Briefs on Insurance, vol. 8, p. 1009; *Royal Ins. Co.* v. *Caledonian Ins. Co.,* 182 Cal. 219, 223 [187 Pac. 748] ; 14 Cal. Jur., p. 451; *Aetna Ins. Co.* v. *Sacramento Stockton S. S. Co.,* 273 Fed. 55; *Jackson* v. *British American Assur. Co.,* 106 Mich. 47 [63 N. W. 899, 30 L. R. A. 636].)

The policy of insurance issued by the petitioner must be construed as applying only to those employees of the insured named in the declaration of "Classification of Operations" set out in the policy. The wages or remuneration of these employees formed the entire basis upon which the premium paid to the insurance carrier was computed. It had no right to collect premiums based upon the wages paid to any other employees not named in said declaration of "Classification of Operations". It should not, therefore, be held liable for any injury sustained by any such employee.

That compensation insurance policies may be limited to certain specified employees of the insured is now definitely established by statute (Workmen's Compensation Act, sec. 31 [a]), and has received the approval of the courts. (*Zurich Gen. Acc. etc. Ins. Co.* v. *Stadelman,* 208 Cal. 151 [280 Pac. 687] ; *Ocean A. & G. Corp., Ltd.,* v. *Industrial Acc. Com.,* 208 Cal. 157 [280 Pac. 690].)

As the deceased at the time of his injury was not within the coverage provisions of the policy of insurance issued by the petitioner, the award against petitioner and in favor of the surviving widow of the deceased cannot be sustained. In so far as said award is made to run against the petitioner, it is hereby annulled.

Langdon, J., Shenk, J., Preston, J., and Waste, C. J., concurred.