[L. A. No. 14455. In Bank.—April 30, 1934.]

DEPARTMENT OF WATER AND POWER OF THE CITY OF LOS ANGELES (a Municipal Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and LILLIA E. WINKLER et al., Respondents.

Ray L. Chesebro, City Attorney, J. M. Stevens, Assistant City Attorney, and Fairfax Cosby, Deputy City Attorney, for Petitioner.

Everett A. Corten for Respondents.

CURTIS, J.—This proceeding was instituted to annul an award of the Industrial Accident Commission in favor of

Lillia E. Winkler, the surviving widow of Mark A. Winkler, who met his death while operating a Diesel gasoline power shovel owned by the Mono Construction Company, which at the time of Winkler's injury was rented to the Department of Water and Power of the City of Los Angeles under a written contract between the said construction company with said department. The award was against the Department of Water and Power and the National Automobile Insurance Company, the insurance carrier of the Mono Construction Company. The Department of Water and Power was self-insured with respect to liability imposed by the Workmen's Compensation Act. The commission found that the deceased while employed as a gasoline shovel operator on November 4, 1932, by L. M. Post and R. D. Cavalery, a copartnership, doing business as Mono Construction Company, his general employer, and Department of Water and Power of the City of Los Angeles, his special employer, sustained injury arising out of and occurring in the course of his employment when he was struck by a fall of earth, the injury proximately causing his death on the same day. It also found that at said time the Mono Construction Company's insurance carrier was the National Automobile Insurance Company and that the Department of Water and Power of the City of Los Angeles was self-insured.

The petitioner herein is the Department of Water and Power of the City of Los Angeles and seeks to annul the award of the commission based upon said finding against said Department of Water and Power upon the ground that the evidence is insufficient to sustain the finding of the commission that said Department of Water and Power was the special employer of Winkler at the time of the death of the latter.

The evidence before the commission showed that Mark A. Winkler was employed by the Mono Construction Company, a copartnership consisting of L. M. Post and R. D. Cavalery. While so employed the Mono Construction Company, hereinafter referred to as the Construction Company, entered into a written agreement with the Department of Water and Power of the City of Los Angeles, hereinafter referred to as the Department, whereby the said Construction Company agreed for a certain fixed sum to furnish a certain number of Diesel shovels, with operators and helpers

to the Department to do construction work in the building of a road in Bouquet Canyon in the county of Los Angeles, where the Department was about to construct a large dam. In pursuance of said written agreement, the Construction Company furnished and placed at the disposal of the Department a number of Diesel shovels with the said Mark A. Winkler as an operator of one of said shovels. The shovel was operated by Winkler under the direction of a foreman in the employ of the Department. Just prior to the injury Winkler was operating the shovel along the general route marked out by the engineer of the Department. At that time a foreman of the Department was directing the operation of the shovel, and directed Winkler to move the shovel to the other side of the canyon in which the work was being done and near to the side of a hill along said route. This was done, and after the shovel had been operated near this embankment for about three hours, the hill caved in, causing the injuries to Winkler from which he died. The written contract under which the Construction Company furnished the shovels, operators and helpers to the Department prescribed certain rules to be followed by the employees of the Construction Company in the operation of the shovels and expressly provided that any operator or helper, so employed, who failed or refused to comply with said rules, ''or who refused to cooperate with the forces of the City'' should be discharged immediately and should not again be employed on the work. Other facts were brought out at the hearing before the commission which showed that the Department exercised to a substantial extent actual control over the employees operating the shovels after their delivery to the Department, but those already recited above are sufficient in our opinion to justify the commission in finding that the Department was the special employer of Winkler at the time he suffered the injury which caused his death.

This case we think is controlled by the principles announced in the leading case of *Employers' Liability Assur. Corp.* v. *Industrial Acc. Com.*, 179 Cal. 432 [177 Pac. 273]. In that case, the Riverside Portland Cement Company planned to install new machinery and to re-arrange its plant. It arranged with the Wellman-Lewis Company, a copartnership engaged in the business of installing large machinery,

for the Wellman-Lewis Company to furnish to the cement company a number of employees under a foreman also employed by the Wellman-Lewis Company. The Riverside Portland Cement Company was to furnish all materials and was to, and did in fact, give and exercise direction and control of such employees, including said foreman. While performing work under this agreement upon the plant of the Riverside Portland Cement Company, one of the employees furnished by the Wellman-Lewis Company sustained an injury which resulted in his death. The court held that at the time of said injury, Wellman-Lewis Company was the general employer and the Riverside Portland Cement Company was the special employer of the injured employee, and affirmed an award against the insurance carrier of each of these companies in favor of the surviving widow of said injured employee. In its decision the court announced the following principle of law (p. 439): "Where, at the time of the accident, both the general and special employer exerted some measure of control over the injured person through their respective foreman and employee, both should be held liable." In its opinion the court cites as authority and follows the case of *De Noyer* v. *Cavanaugh,* 221 N. Y. 273 [116 N. E. 992]. The case of *Employers' Liability Assur. Corp.* v. *Industrial Acc. Com., supra,* has in turn been cited with approval in the following decisions of the court: *Federal Mut. Liability Ins. Co.* v. *Industrial Acc. Com.,* 190 Cal. 97, 103 [210 Pac. 628]; *Famous Players Lasky Corp.* v. *Industrial Acc. Com.,* 194 Cal. 134, 137 [228 Pac. 5, 34 A. L. R. 765]; *Diamond Drill Contracting Co.* v. *Industrial Acc. Com.,* 199 Cal. 694, 697 [250 Pac. 862]; *Independence Indemnity Co.* v. *Industrial Acc. Com.,* 203 Cal. 51, 55 [262 Pac. 757]; *Umsted* v. *Scofield Eng. Const. Co.,* 203 Cal. 224, 227 [263 Pac. 799]. In this last-cited case the court stated the law as follows (p. 227): "As such workmen may under the common law of master and servant look to the general employer for wages and to the special employer for damages for negligent injuries, so under the Workmen's Compensation Law they may, so far as its provisions are applicable, look to the one or to the other, or to both, for compensation for injuries due to occupational hazards."

These authorities unequivocally sustain the action of the commission in awarding compensation against petitioner.

The award is therefore affirmed.

Langdon, J., Shenk, J., Preston, J., and Waste, C. J., concurred.