[Civ. No. 10369.    First Appellate District, Division Two.—January 26, 1937.]

GENERAL ACCIDENT, FIRE & LIFE ASSURANCE CORPORATION, LTD. (a Corporation), et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA and THOMAS F. RYAN, a Minor, etc., Respondents.

George C. Faulkner, William T. Doyle and Henry G. Sanford for Petitioners.

Everett A. Corten and Emmet J. Seawell for Respondents.

SPENCE, J.—On application of respondent Thomas F. Ryan, the respondent commission made an award in favor of respondent Ryan and against petitioner General Accident, Fire & Life Assurance Corporation, Ltd., and also against John Doe Turner. Said petitioner seeks the annulment of said award in so far as liability is placed upon said petitioner as the insurance carrier of James F. Waters Co.

Ryan had regular employment at one time with said James F. Waters Co., who were automobile distributors, but had not been on their regular payroll for some time prior to July 24, 1935, when the accident occurred. For about two months prior thereto, Ryan and several other boys had made it a practice to go to the Waters place and to wait around for jobs delivering cars. Ryan did not go there every day nor did he go there at any specified hour. While he testified that he went there ''practically every day'', it appears that the boys went there and left at any time they pleased. On some days Ryan would get one or more jobs delivering cars and on other days he would get none. The boys were paid only in the event that they actually made deliveries. If they delivered cars for Waters, they were paid at the rate of forty cents per hour for deliveries in San Francisco and there was a schedule of payments for deliveries made out of town, which schedule included boat fare and return bus fare. On sales of used cars to out of town

dealers, the transactions were completed at the Waters place, the purchasers took delivery there and made their own arrangements for delivery. If they engaged any of the boys waiting about the Waters place for this purpose, the purchasers paid these boys and gave them their instructions regarding delivery.

On the day of the accident, a Mr. Turner, who was a used car dealer in Stockton, came to San Francisco, bought a used car from some dealer other than Waters and put it in a public garage at Valencia and Army Streets. Turner went to Waters' place later in the afternoon and secured the services of respondent Ryan to drive said car to Turner's place in Stockton. Turner took Ryan to said public garage, turned the used car over to him, paid him $4.65 for his services and gave him his directions regarding the delivery. Ryan delivered the car to Stockton as directed by Turner and was hitch-hiking back to San Francisco when the accident occurred. The foregoing evidence was uncontradicted. There is but one conflict in the evidence relating to what occurred on the day in question. Ryan testified that Mr. Hyland, an employee of Waters, came up to him with Mr. Turner, told Ryan that Mr. Turner had a car to be delivered to Stockton and that Mr. Turner would pay him. Mr. Hyland testified that he had no conversation regarding the delivery of Turner's car and did not see Mr. Turner at all on that day. Under the facts above set forth we see no materiality in this conflict. The respondent commission made its award against the petitioner and against Turner upon the theory that Waters was chargeable as the general employer and that Turner was chargeable as the special employer of respondent Ryan at the time of the accident.

■ We are of the opinion that the award against petitioner must be annulled. The uncontradicted evidence shows that Ryan merely waited around the Waters place hoping to pick up occasional jobs delivering cars for Waters and others. During the time that Ryan was in the service of Turner, it is conceded that the relationship of employer and employee existed between Turner and Ryan, but there is no evidence to sustain a finding that Waters was his general employer during that period. There is no evidence to show that Waters ever had any interest in the Turner car, or that Waters paid or was obligated to pay for Ryan's

services in delivering said car, or that Waters exercised or had the right to exercise any control whatsoever over Ryan while Ryan was delivering said car. There may be cases where the facts will sustain an award against both the so-called general employer and special employer, but awards against the so-called general employer are ordinarily justified only in cases where the evidence shows that employee remains on the regular payroll of the so-called general employer and where the so-called general employer exercises or retains the right to exercise some measure of control over the activities of the employee while engaged in the special employment. (*National Auto Ins. Co.* v. *Industrial Acc. Com.,* 220 Cal. 642 [32 Pac. (2d) 356]; *Becker* v. *Industrial Acc. Com.,* 212 Cal. 526 [298 Pac. 979]; *Stacey Bros. Co.* v. *Industrial Acc. Com.,* 197 Cal. 164 [239 Pac. 1072]; *Pruitt* v. *Industrial Acc. Com.,* 189 Cal. 459 [209 Pac. 31]; *Employers' Liability Assur. Corp.* v. *Industrial Acc. Com.,* 179 Cal. 432 [177 Pac. 273].) The record contains no such evidence in the present case. In *Pruitt* v. *Industrial Acc. Com., supra,* a much stronger showing was made. Conklin, the employee, drove a truck belonging to Pruitt while engaged in performing services for Graham Brothers. Graham Brothers paid three dollars an hour for the services of the driver and the use of the truck. Pruitt agreed with Conklin ''to give him twenty-five per cent of his wages—what he earned from Graham Brothers''. Pruitt paid for the upkeep of the truck and for the gas and oil used. The Supreme Court nevertheless annulled the award against Pruitt and said on page 466: ''There is neither evidence nor finding to show that petitioner (Pruitt) ever exerted, or had the right to exert, the slightest degree of control over Conklin in connection with his employment in the service of Graham Brothers. Yet to uphold an award against him it must so appear. (*Employers' Liability Assur. Corp.* v. *Industrial Acc. Com., supra; DeNoyer* v. *Cavanaugh,* 221 N. Y. 273, 275 [116 N. E. 992].)''

The award against petitioner General Accident, Fire & Life Assurance Corporation, Ltd., is annulled.

Nourse, P. J., and Sturtevant, J., concurred.