[L. A. No. 15764. In Bank.—April 13, 1937.]

AMERICAN MOTORISTS INSURANCE COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and GEORGE W. SUYTAR, Respondents.

Willis I. Morrison for Petitioner.

Everett A. Corten and Emmet J. Seawell for Respondents.

THE COURT.—This is a proceeding to review an award of the Industrial Accident Commission. The applicant, George W. Suytar, was injured in the course of his employment and was given an award. United Concrete Pipe Corporation, hereinafter called United Corporation, his general employer, and its insurance carrier, Hartford Accident & Indemnity Company, were clearly liable therefor. The question is, however, whether the firm of Hall Brothers and petitioner, its insurance carrier, are also liable on the theory of special employment. The commission found that the United Corporation was a general employer and Hall Brothers a special employer and made its award jointly against both.

The essential facts are simple. The United Corporation entered into a contract to perform certain road work, a federal Public Works Administration project. Contractors were required to be licensed, and to qualify by posting bond, and could employ labor only through the office of the national re-employment service. Hall Brothers, a firm consisting of M. A. Hall and J. H. Hall, did business as independent contractors and proposed to United Corporation to furnish labor and materials for part of the job at a contract price. There is some uncertainty as to whether this proposal resulted in a contract but, whether it did or not, the two Hall brothers were not licensed nor otherwise qualified to do P. W. A. work and therefore were carried on the records of the employment service as employees of United Corporation, M. A. Hall being designated as working foreman, and J. H. Hall as carpenter and concrete worker. Suytar, the injured employee, who had previously worked for Hall Brothers, asked

J. H. Hall for a job and, after securing his employment card from the re-employment service, was put to work. He testified that he received most of his instructions from the two Hall brothers, but was also directed by E. I. Mosher, job superintendent of United Corporation. Although the Halls were listed on the United Corporation payrolls as employees, actually their checks were not delivered to them, but at the end of the job a settlement was reached according to the original proposal by them to do the work as subcontractors.

From the above it would appear that the commission was justified in concluding that while United Corporation was the general employer of Suytar, the firm of Hall Brothers was a special employer and liable as such. But this simple conclusion does not dispose of the case before us, which presents another problem due to its special facts. It appears that United Corporation carried workmen's compensation insurance with Hartford Accident & Indemnity Company and in its payroll reports included the name of Suytar, the injured employee, so that its premium was paid in such amount as to cover liability for him. On the other hand, while Hall Brothers carried a policy of compensation insurance with petitioner, Suytar was not included in any payroll report and no premium was charged or paid to cover work on this job. On the contrary, it was agreed that United Corporation was to retain, out of the amount due Hall Brothers, an amount sufficient to cover compensation insurance on the "men working under their charge". It appears that these sums were actually retained by United Corporation and paid to its insurance carrier, Hartford Accident & Indemnity Company.

The case of *Federal Mutual Liability Ins. Co.* v. *Industrial Acc. Com.*, 190 Cal. 97 [210 Pac. 628], is closely in point. There was in that case also a general and special employment with an agreement that the employee injured should be carried on the payroll of the general employer for purposes of computing compensation insurance premiums. The general employer was reimbursed by the special employer for wages and premiums paid on account of men working for the special employer. It was there held that, notwithstanding the admitted joint employment, the commission properly awarded compensation only against the insurer who received the premiums, for the reason that the parties intended the general employer to be liable for compensation to men hired

under the agreement and the general employer recognized its liability and insured against it.

Since both employers are discharged, as between insurance companies, equity and fair dealing certainly demand that payment be made by the company which received the premium for the coverage. But that is a matter to be settled between the insurance carriers, if necessary in an independent suit. The Workmen's Compensation Act imposes upon special and general employers a joint and several obligation (*Diamond D. etc. Co.* v. *Industrial Acc. Com.,* 199 Cal. 694 [250 Pac. 862]; *Famous Players etc. Corp.,* v. *Industrial Acc. Com.,* 195 Cal. 134 [228 Pac. 5, 34 A. L. R. 765]; *Department of Water & Power* v. *Industrial Acc. Com.,* 220 Cal. 638 [32 Pac. (2d) 354]) and the employee may proceed against either or both of them and, having chosen to seek awards against both, he is entitled to an award against each, jointly and severally, for the full benefit allowed him by the act. (*Standard Acc. Ins. Co.* v. *Industrial Acc. Com.,* 123 Cal. App. 443 [11 Pac. (2d) 401].) Whatever may be the equities between the employers and their insurance carriers, we think it would be against the policy of the compensation act, and contrary to its spirit and intent, to allow an agreement between joint obligors to diminish the remedy of the employee. Despite any agreement between themselves as to which of them shall bear the burden of their liability, the employers are jointly and severally liable to the employee and the award was properly made against both. In so far as the case of *Federal Mutual Liability Ins. Co.* v. *Industrial Acc. Com.,* 190 Cal. 97 [210 Pac. 628], is inconsistent herewith it is overruled.

The award is affirmed.

Rehearing denied.