NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

WILLIAM DOMSCHEIT, PETITIONER, v. NATURAL PRODUCTS REFINING COMPANY, RESPONDENT.

Decided May 19, 1936.

For the petitioner, *Joseph A. Visconti.*

For the respondent New Jersey Manufacturers' Casualty Insurance Company, *Richard W. Baker.*

For the respondent American Mutual Insurance Company, *James Carroll*.

Pursuant to the provisions of the Workmen's Compensation act formal petition was filed with this bureau in the city of Trenton on the 17th day of March, 1934. The petitioner was represented by Joseph A. Visconti. An answer thereto was filed, the respondent was represented by Richard W. Baker. The matter was heard before this court at Jersey City on the 24th day of April, 1934.

The petitioner alleged and supported by competent testimony the following facts: He was employed by the Natural Products Refining Company from the latter part of 1930 until March 7th, 1934. That he was employed as a cooper, which necessitated the handling of soda (sodium bichromate) which was contained in the barrels around which he placed the hoops. That until the 7th day of December, 1933, he was exposed to sodium bichromate dust and fumes. On or about the 7th day of December, 1933, and thereafter he was transferred to another job and thereafter ceased to be exposed, and that this was done upon the recommendation of Dr. Fred Finn, who had examined the petitioner prior to this date. That as a result of such exposure to sodium bichromate he contracted chrome poisoning affecting particularly the nose and throat. That from December 7th, 1933, until March 7th, 1934, when he was discharged by the respondent he was not exposed.

Dr. Ferdinand Pflug, qualifying as a nose and throat specialist, testified in the petitioner's behalf. His examination made on the 16th day of April, 1936, of petitioner's nose revealed a complete destruction of the cartilaginous portion of the nasal septum, and that his examination at that time of the throat, by laryngoscope, showed an absorption of the epiglottis. That these conditions were proximately caused by chrome poisoning. It was his opinion that permanent disability was approximately three per cent. of total for the nose and ten per cent. of total for the throat.

Dr. George Meehan also testified in the petitioner's behalf. That his examination was confined to the nose. He found a

perforation of the nasal septum due to chrome poisoning and estimated the permanent disability from two and one-half per cent. to five per cent. of total.

Dr. A. C. Ruoff testified for the respondent that there was a perforation of the septum though incomplete. That upon his examination he found no evidence of throat irritation or destruction due to chrome poisoning. He stated that he did find a scar on the hard palate which may have resulted from chrome irritation. He estimated the disability at three per cent. of total.

In the case *sub judice* petitioner is alleging disability due to chrome poisoning and owing to the change in carriers by respondent, assured, shortly before petitioner's last exposure, has joined both carriers, viz., New Jersey Manufacturers' Casualty Insurance Company and the American Mutual Insurance Company.

It would appear that New Jersey Manufacturers' Casualty Insurance Company were the carriers until sometime in November, 1933, when coverage was taken over by the American Mutual Insurance Company. In December, 1933, at the advice of Dr. Finn, medical examiner for the later company, petitioner was changed to other employment at which there would be no exposure to chrome. Subsequently after being effective one month there was a change in coverage and the New Jersey Manufacturers' Casualty Insurance Company again became the carrier. Question is against what carrier should judgment be entered.

From the testimony it would appear that petitioner was affected by chrome poisoning previous to December 7th, 1933. He had been treated by a physician for the condition. Examination by Dr. Finn resulted in a change in employment.

In the case of *Textile Leather Co.* v. *Great American Indemnity Co.*, 108 *N. J. L.* 121; 156 *Atl. Rep.* 840, and *Textile Leather Corp.* v. *Sun Indemnity Co. et al.*, 108 *N. J. L.* 207; 156 *Atl. Rep.* 842, it was held, "that the time fixed for compensation for disability or death occurring by reason of occupational diseases is when *incapacity* or *death* occurs and not when the poison specified makes its first appearance."

In the instant case incapacity did not occur on December 7th. It was merely a recommendation of the doctor that the cause be removed and a change in occupation recommended. The effect was present and had been present for sometime previous to this date. From experience and expert medical testimony the effects of chrome upon the employe is not instantaneous but in a gradual process over a period of time. In the cases referred to I do not believe that it was the intent of the court to make a carrier's policy retroactive and charge them with all disabilities that existed prior to the effectiveness of their contract but feel that the decision only applies where the condition is one that is progressive and does not attain its maximum effect until petitioner is compelled to cease work.

In this case *sub judice* I am of the opinion that petitioner's condition was not in any way effected by his exposure two or three weeks prior to the date of his transfer to other employment. I am of the opinion that at that time the condition had become stationary and any further exposure would not in any way increase the disability.

I am, therefore, granting the motion of the American Mutual Insurance Company dismissing any claim against them in connection with this case and holding the New Jersey Manufacturers' Casualty Insurance Company as the carrier.

I have carefully considered all medical testimony and feel that as a result of exposure petitioner is suffering from a perforation of the nasal septum as well as some involvement of the throat for which he is entitled to a permanent disability of five per cent. of total.