NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

ARTHUR MITCHELL, PETITIONER, v. MAXWELL J. TAYLOR, CLARA F. TAYLOR AND CLIFFORD DYE, T/A M. J. TAYLOR CO., ET AL., RESPONDENTS.

Decided April 26, 1940.

For the petitioner, *Perry E. Belfatto.*

For the respondent, *Herman M. Wilson.*

For New Amsterdam Casualty Co., *William A. Davenport.*

In the case *sub judice,* while the question of coverage has been raised as well as the question of policy cancellation, the primary question to be determined is whether or not petitioner is suffering from lead poison as alleged and the extent of disability resulting therefrom.

I will consider that question first.

\*        \*        \*        \*        \*        \*        \*

The petitioner testified that he was in employ of respondent, a painter and decorator. That his duties were that of a painter both brush and sprayer; that about three or four months prior to August 20th, 1938, he began to have pains in his stomach. He gradually felt worse and about two

months prior to that date he became ill, gradually becoming worse until August 20th, he was compelled to cease work. Prior to his employment with the respondent, he was in good health. His complaints which gradually came on prior to his cessation of employment, were vomiting, inability to eat, headaches, weakness of upper and lower extremeties, constipation, nervousness and a bad taste in mouth.

Dr. McCartie, who treated petitioner from October 1st, 1938 to January 5th, 1939, diagnosed condition as chronic lead poison. Complaints received by him were similar to those testified by the petitioner. Blood and urine tests made by the doctor substantiated his diagnosis. There was lead in the urine and a positive blue line.

Dr. Blumberg, who examined petitioner on January 9th, 1940, found various neurological findings which he ascribed to lead exposure and estimated the disability as twelve and one-half per cent. of total. Dr. Russomanno examined petitioner on October 18th, 1939, and received history as testified to by petitioner as well as complaints and diagnosed condition as lead poison. He rendered a series of treatments which in his opinion were beneficial to petitioner. He estimated permanent disability as fifteen per cent. of total. He further testified that on his first examination, petitioner's disability was from twenty-five per cent. to thirty-five per cent. of total.

Dr. Albano, who made a blood and urine analysis October 26th, 1939, found traces of lead in the urine but blood picture was negative.

Record of Newark City Hospital introduced by respondent reflect fact of petitioner being admitted March 2d, 1939. His condition was diagnosed as chronic lead poison for which he was treated. He was discharged on March 10th, 1939.

A lead and feces analysis made March 9th, 1939, disclose no lead.

Dr. Emmer examined petitioner on October 1st, 1938, for respondent. He testified that there was no lead intoxication or any acute symptoms suggesting lead poison. He was of opinion that condition could be due to infection of gall bladder.

After careful consideration, I am of opinion that petitioner

is suffering from the residual effects of lead exposure and is entitled to compensation both for temporary and permanent disability.

The compensation rate is $20 per week.

Under date of December 4th, 1939, attorney for respondent moved that New Amsterdam Insurance Company be joined as a party defendant. This motion was granted. It appears that respondent was covered by a workmen's compensation and employers liability policy issued by that company. There is a question of coverage.

Much testimony was taken relative to that feature. This testimony developed the fact that petitioner's last day of employment was August 20th, 1938.

*Textile Leather Corp.* v. *Great American Insurance Co. et al.,* 156 *Atl. Rep.* 840, holds that the time fixed for compensation for disability by reason of certain occupational diseases is when incapacity occurs and not when poison specified makes its first appearance.

*Belanowitz* v. *Travelers Insurance Co.,* 123 *N. J. L.* 574, holds that the right to compensation for an occupational disability accrues when the disability occurs, not when the first symptoms appear.

*Domscheit* v. *Natural Products,* 185 *Atl. Rep.* 483, also held as two previous cases.

Insurance Company alleges that notice of cancellation was mailed August 8th, 1938, effective twelve-one A. M., August 19th, 1938. Respondent admits receipt.

The questions involved relative to coverage and cancellation are contractual and not within the jurisdiction of the bureau. It does not lie with me to determine such issues, see *American Mutual* v. *Chodosh,* 123 *N. J. L.* 85.

I am finding for the petitioner, against the respondent Maxwell J. Taylor, Clara F. Taylor and Clifford Dye, jointly, severally or in the alternative and also trading as M. J. Taylor Company.

&ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;

JOHN C. WEGNER,
*Deputy Commissioner.*