[Civ. No. 11217.   First Appellate District, Division One.—December 14, 1939.]

MASSACHUSETTS BONDING & INSURANCE COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and ORVILLE O. SAFFER, Respondents.

W. N. Mullen and James C. McDermott for Petitioner.

Everett A. Corten and Eldon B. Spofford for Respondents.

R. P. Wisecarver, as *Amicus Curiae*, on Behalf of Respondents.

WARD, J.—This is a petition by the Massachusetts Bonding & Insurance Company for a writ to review and annul an award of the Industrial Accident Commission of this state in favor of Orville O. Saffer.

The facts may be stated as follows: Orville O. Saffer, employed by A. R. Reid as foreman in his cement business, worked the entire day of January 10, 1929, handling and moving barrels weighing four or five hundred pounds. He felt no inconvenience at the time, but that evening he noticed a pain in the back of his neck and upper spine between his shoulder blades. The next day the condition had not improved and included a very stiff right shoulder. He complained to his employer but continued at his usual work. In February a physician and surgeon diagnosed the ailment as arthritis. On or about the 21st of March he had a particularly heavy day which necessitated considerable climbing and the lifting of heavy spray cans and material, after which

he suffered pain so that two days later he was obliged to cease work. The larger number of medical experts who examined or treated Saffer declared that the condition was arthritic or neuritic and that the injury was nonindustrial. One expert testified he was suffering from inflammation of the muscles, resembling rheumatism, caused by strain, the direct result of the January occurrence; that the second unusual exertion involved in the March incident further aggravated the preexisting condition, and that the injuries were industrial in nature. The commission adopted the latter view.

It is not within the province of an appellate court to weigh the evidence, hence we may not interfere with the finding that the employee "sustained injury occurring in the course of and arising out of his employment when he strained his back" in January.

Different companies acted as insurance carriers for the employer in this case at the time of the January incident and that of the March incident. The pertinent question is whether under the evidence herein the commission could properly find that the proximate cause of the injury was the January incident and make an award against the compensation carrier for the employer at the time of the first injury without reference to or apportionment with the insurance carrier at the time of the second occurrence. The answer is that it is incumbent upon the commission to determine as a fact the proximate cause; that is, whether a second injury is an independent occurrence, or the proximate and natural result of the first injury. (*Head Drilling Co.* v. *Industrial Acc. Com.*, 177 Cal. 194 [170 Pac. 157]; *United States F. & G. Co.* v. *Industrial Acc. Com.*, 95 Cal. App. 186 [272 Pac. 589].)

In the herein case the commission found that the injury sustained in March was a recurrence of the January incident, and not an independent injury. This finding could be based only upon the testimony of the employee and one of the doctors. The doctor stated in substance that the occurrence in January was the cause of the injury, and that any injury in March further aggravated the preexisting condition. Saffer in his application for adjustment of the claim states that his disability was sustained in lifting the five hundred pound barrels. Under such circumstances the com-

mission's determination that the first injury was the proximate cause of his condition may not be disturbed.

The Massachusetts Bonding & Insurance Company, petitioner herein, claims that not until March did the employee suffer an impairment of his earning capacity and that such date is the date of the injury; that at such time petitioner was not acting as the insurance carrier for the employer. Compensable disability due to an accident may occur immediately or subsequent to the accident. The time of its occurrence is a question of fact. A subsequent injury may aggravate an original injury and still not be recurring, that is, one of the proximate causes of the condition. If the aggravating injury was simply a recurrence and not an independent injury, the date of the impairment of Saffer's earning capacity is immaterial except to fix the date of the liability, that is, the date of his incapacity for work; it does not interfere with the right and duty to establish one date as the date of causation of the injury and a second date as that from which compensation accrues. An interesting discussion on this subject is found in *Marsh* v. *Industrial Acc. Com.*, 217 Cal. 338 [18 Pac. (2d) 933, 86 A. L. R. 563], but we feel that the conclusion in *Head Drilling Co.* v. *Industrial Acc. Com.*, *supra*, is controlling, where, at page 197, the court said: "Whether the subsequent incident or accident is such, or should be regarded as an independent, intervening cause is a question of fact for the commission, to be decided in view of all the circumstances, and its conclusion must be sustained by the courts whenever there is any reasonable theory evidenced by the record on which the conclusion can be upheld."

The award is affirmed.

Peters, P. J., and Knight, J., concurred.

An application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 8, 1940.