[Civ. No. 4922.   First Appellate District, Division Two.—July 2, 1924.]

## JOSEPH BLANCHARD, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT — OCCUPATIONAL DISEASE CONTRACTED UNDER DIFFERENT EMPLOYERS—APPORTIONMENT OF AWARD AMONG EMPLOYERS—DUTY OF INDUSTRIAL ACCIDENT COMMISSION. Where an employee had an occupational disease while working for three different employers at different times, it was the duty of the Industrial Accident Commission, under subdivision 4 of section 3 of the Workmen's Compensation Act, as amended (Stats. 1919, p. 911), to apportion the award of compensation among the respective employers, and in doing so the commission was required to exercise a discretion based upon the evidence of the various periods of employment.

[2] ID.—STATUTE OF LIMITATIONS—EVIDENCE.—In a proceeding by an employee, who had an occupational disease while working for three different employers at different times, to annul an award of the Industrial Accident Commission which frees two of the employers, except the last employer, from payment of their portion of the award by reason of the statute of limitations, said employee was precluded by the statute of limitations from enforcing his claim for compensation against said two former employers, where said employee, although having knowledge of said disease while in the employ of one of said two former employers, failed to commence any proceedings against the latter until long after the statutory period provided by section 11 (b), subdivision 1, of the Workmen's Compensation Act had expired, and no showing was made that the last employer, who was paying said employee compensation, acted in collusion with either of the two former employers or that either of these employers had any knowledge of either the fact that the employee was suffering from said disease or that he was being paid compensation by said last employer.

(1) Workmen's Compensation Acts, C. J., p. 67, sec. 56. (2) Workmen's Compensation Acts, C. J., p. 114, sec. 109.

PROCEEDING in Certiorari to annul an award of the Industrial Accident Commission.   Award affirmed.

1. "Injury" or "personal injury" within meaning of Workmen's Compensation Act, notes, Ann. Cas. 1915C, 921; Ann. Cas. 1928B, 362.   See, also, 28 R. C. L. 794.

2. Applicability of general statute of limitation to actions or proceedings under workmen's compensation acts, note, 16 A. L. R. 462.

The facts are stated in the opinion of the court.

· Heidelberg & Murasky for Petitioner.

Warren H. Pillsbury for Respondent Industrial Accident Commission.

R. P. Wisecarver and Redman & Alexander for Respondent Ocean Accident and Guarantee Corporation.

NOURSE, J.—This is an original application in *certiorari* to review the award of the respondent Industrial Accident Commission made under the terms of the Workmen's Compensation Act of 1917. (Stats. 1917, p. 831.) The petitioner is a glass-blower by trade. He worked at his calling under three different employers as follows: For about twelve years with the Illinois-Pacific Glass Company, then for six months with the Pacific Coast Glass Company, and then for six months with the Southern Glass Company. While working under these employers he contracted what is known as "glass-blowers' arm." He was re-employed by the Pacific Coast Glass Company for about two weeks, during which period he was engaged in packing and lifting boxes. At the end of this period—about October 12, 1922—he was transferred to the glass-blowing department, where he worked for about forty minutes and was then forced to discontinue his employment on account of the trouble with his arm. It appears that some three or four years before this date his right arm was affected with the disease and he was then compelled to discontinue the use of that arm. He then shifted his work to the left arm and was able to continue in his trade without medical treatment, though with diminished efficiency. Within a short time thereafter the left arm began to trouble him and he then for the first time reported his condition to his employer and was informed that he was suffering from the disease mentioned. He continued, however, in his employment until October 12, 1922, when, while in the employ of the Pacific Coast Glass Company, as above stated, he was forced to discontinue his work. Application for compensation was first made on May 24, 1923, more than six months after he had thus quit work. However, the Ocean Accident & Guarantee Corporation, the insurance car-

rier of the last-named employer, paid some compensation to the petitioner during this period and thereby, under the terms of section 11 (c) of the Workmen's Compensation Act, the running of the statute of limitations was extended as to that employer. Upon the hearing of his application for compensation the Commission awarded the petitioner $1,249.80, being fifteen per cent of the total disability and prorated the amount awarded among the three employers above named. On this basis the amount of the award against the Pacific Coast Glass Company (three-eighths of the total) was $468.70, and no objection is made by that company or its carrier in the payment of that amount. The Commission then found that the remaining five-eighths of the total award, which was charged to the other two employers, was barred by the statute of limitations and the petitioner is therefore unable to collect the same. The purpose of this petition is, therefore, to seek the annulment of that portion of the Commission's award which prorates the compensation between the three employers and holds the two previous employers freed by reason of the statute of limitations.

Subdivision 4 of section 3 of the Workmen's Compensation Act, as amended (Stats. 1919, p. 911), defines "injury" for which compensation may be awarded under the act as follows: "The term 'injury,' as used in this act, shall include any injury or disease arising out of the employment including injuries to artificial members. In case of aggravation of any disease existing prior to such injury, compensation shall be allowed only for such proportion of the disability due to the aggravation of such prior disease as may reasonably be attributed to the injury." [1] Under this section it was plainly the duty of the Commission to apportion the award of compensation among the respective employers, and in doing so the Commission was required to exercise a discretion based upon the evidence of the various periods of employment, which is not attacked in this proceeding. The petitioner contends that no apportionment should have been made, but that the Commission should have charged the entire award to the last employer. In support of this contention he cites *In re Johnson*, 217 Mass. 388 [104 N. E. 735], where the court held that, where an employee is compelled to discontinue his trade because of an

occupational disease, the injury should be deemed to have occurred at the time of cessation from labor. The respondent urges that under our statute it is made the duty of the Commission to apportion the award among the various employers and it is not the function of the court to declare, as the legislature might have done, that in a case of occupational diseases running over a long period of employment, the last employer should be liable for the total disability. The rule of the Johnson case was indirectly criticised in *Miller* v. *American Steel etc. Co.,* 90 Conn. 349, 361 [L. R. A. 1916E, 510, 97 Atl. 345, 348], where the court says: "It is notorious that the typical occupational disease is not an injury which can be said to have been 'sustained' at a given date. If for the purpose of escaping this difficulty it is attempted to substitute the date of the incapacity for the date of the injury, it will be necessary to repeal and reconstruct a considerable portion of the act."

On this branch of the case we therefore conclude that the respondent Commission acted in accordance with the statute when it apportioned the amount of the award among the three employers.

[2] As to the statute of limitations, the act is equally clear. Section 11 (b), subdivision 1, provides that proceedings for the collection of benefits of this nature must be commenced within six months from the date of the injury. It is not disputed that the petitioner failed to commence any proceedings against the Illinois-Pacific Glass Company or the Southern Glass Company until long after this period had expired. It is admitted that while in the employ of one of these two companies he had knowledge of the disease which eventually incapacitated him but that no application for benefits was made as against such employer. It is argued that by reason of the payment of compensation by the Pacific Coast Glass Company, the last employer, the petitioner was lulled into a sense of security as to his two former employers and that we should hold that they are therefore estopped from claiming the benefits of the statute. There is, however, no showing that the last employer was acting in collusion with either of the two former employers or that either of these employers had any knowledge of either the fact that the petitioner was suffering from this occupational

disease or that he was being paid compensation by the Pacific Coast Glass Company. For these reasons we conclude that the Commission correctly held that the petitioner was precluded by the statute of limitations from enforcing his claim for compensation against his two former employers.

The award is affirmed.

Langdon, P. J., and Sturtevant, J., concurred.