NATURAL PRODUCTS REFINING CO., A CORPORATION, PROSECUTOR, v. COURT OF COMMON PLEAS IN AND FOR THE COUNTY OF HUDSON AND GUSTAV BACK, CLERK OF THE SAID COURT OF COMMON PLEAS AND WILLIAM DOMSCHEIT, PETITIONER-RESPONDENT.

Submitted October 13, 1939—Decided January 22, 1940.

Before Justices PARKER, BODINE and PERSKIE.

For the prosecutor, *James J. Carroll* and *Clarence B. Tippett.*

For the petitioner-respondent, *Drewen & Nugent (John Drewen* and *John Nugent).*

BODINE, J. The writ of *certiorari* in this case should be dismissed. It is stated at the head of respondent's brief that: "The title of this cause as it appears on the state of case and on prosecutor's brief is incorrect. To avoid confusion * * * American Mutual Liability Insurance Company, and not Natural Products Refining Co., is the prosecutor of this writ. It is also to be noted that the reasons filed are entitled in the same erroneous way; and that Mr. Carroll, who signs the reasons and the moving briefs as attorney for the prosecutor, is attorney for the above-named American Mutual Liability Insurance Company. New Jersey Manufacturers' Casualty Insurance Company is acting here as respondent in defense of the order below." It would seem that this is so.

The contest in this case, it is conceded, is between two insurance carriers. The solution of the question depends upon when the workman's incapacity from an occupational disease (chrome poisoning) occurred. The case has been twice in the bureau and twice in the Court of Common Pleas; the first tribunal holding that it occurred during the carriage of the risk by the New Jersey Manufacturers' Insurance Company, the latter during the carriage by the American Mutual Liability Insurance Company, who insured the risk at the prosecutor's plant during the period from November 18th, 1933, to December 17th, 1933. The employe was employed as a cooper from sometime late in 1930 till December 7th, 1933, when his disease had so progressed that on the order of the employer's doctor, he was transferred to outside work resulting in loss of wages.

It is argued that he was not incapacitated at that time because it was not shown that he suffered any functional incapacity.

The test in this state for the time when compensation accrues is when incapacity or death from occupational disease occurs. *Textileather Corp.* v. *Great American Indemnity Co.*, 108 *N. J. L.* 121. It seems clear to us that even though the disease occurred in 1932, or earlier, that the determining date must be the date when the employe is no longer permitted to continue such occupation which caused his injury. As indicated in the Textileather case, it is never a question of the early stages of the disease but when incapacity for the particular form of work occurs. That was in this case clearly December 7th, 1933, when the American Mutual Liability Insurance Company covered the risk.

We have considered all the testimony adduced at all the hearings. In view of the result reached, it is unnecessary to consider the propriety of the order permitting the American Mutual Liability Insurance Company to present testimony in its behalf.

The judgment of the Court of Common Pleas under review is affirmed, and the writ is dismissed, with costs.