[Civ. No. 11180.   First Appellate District, Division One.—January 31 1940.]

LIMITED MUTUAL COMPENSATION INSURANCE COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and MELVIN T. VOLD, Respondents.

Keith & Creede for Petitioner.

Everett A. Corten and Eldon B. Spofford for Respondents.

Burbank & Laumeister, as *Amici Curiae,* on Behalf of Respondents.

GOODELL, J., *pro tem.*—There were two hearings before the respondent commission in this matter. The first resulted in findings and an award, dated June 21, 1938, in favor of the employee, but apportioning liability between petitioner and the California Casualty Indemnity Exchange, a prior carrier of the employer. Thereafter, both carriers petitioned for a rehearing, which petitions were granted. The second hearing resulted in the findings and award now under review.

On the latter hearing it was found that the respondent Melvin T. Vold was, on September 3, 1937, employed by the firm of Malott & Petersen as a carpet and linoleum mechanic, in San Francisco, and on that day, while so employed, he "sustained injury occurring in the course of and arising out of his employment consisting of a blow to the left knee". The petitioner, it is found, was the employer's insurance carrier on that date. Temporary total disability continuing indefinitely from September 28, 1937, was found entitling Vold to $25 a week. It was found that Vold required further medical, hospital and nursing treatment, which was to be furnished by the insurance carrier. An award was made in accordance with these findings. After denial of its petition for rehearing, petitioner instituted this proceeding to review the award.

It is the contention of petitioner "that there is no evidence whatever in the record that the disability which was the subject of the proceedings here and which caused the man's operation was attributable to an incident on September 3, 1937".

From 1922 to 1937, Vold was employed almost continuously as a linoleum layer, and most of that time he worked for Malott & Petersen. In 1925 he fell and injured his left knee so seriously that an operation was necessary, and thenceforth, from time to time, he had trouble with it. On September 3, 1937, he and a fellow employee were moving furniture and he bumped his left knee against a table. There were several holidays ensuing, and he gave himself home treatment and rest during these holidays, and in about a week returned to work without having received medical treatment. On September 20, 1937, he knelt upon the handle of a knife, and had to immediately quit work. He consulted a doctor that day or the next, and an operation was performed on the knee on September 24th, followed by two other operations shortly thereafter. A tumor was removed, and considerable pus was drained from the knee.

No question is raised herein as to Vold's right to compensation, as to the amount of his disability payments, or as to the duration of his disability. The question that is presented is whether there should not have been an apportionment between several carriers, the contention being that the injury sustained on September 3, 1937, was not the proximate

cause of the disability, but that the condition which the operations were designed to relieve had been a chronic diseased condition extending over a long period of time. During part of the time Vold worked for Malott & Petersen, the California Casualty Indemnity Exchange had been the employer's carrier, and the first award apportioned the liability 50 per cent to the exchange and 50 per cent to the petitioner, Limited Mutual Compensation Insurance Company. As has been said, both carriers were dissatisfied with this award and applied for a rehearing. That rehearing resulted in the petitioner being held for the entire liability.

■ The type of injury presented in the present case presents troublesome problems. The disability involved could have been held by the commission to have been an occupational injury or disease received over a number of years, in which event liability would have been apportioned. (*Blanchard* v. *Industrial Acc. Com.*, 68 Cal. App. 65 [228 Pac. 359]; *Associated Indem. Corp.* v. *Industrial Acc. Com.*, 124 Cal. App. 378 [12 Pac. (2d) 1075].) On the other hand, if there is any evidence to sustain the finding that the injury occurred on a specific date, the appellate courts have no power to disturb the award. It is the function of the commission, as the trier of the facts, to determine, as a fact, the proximate cause of the injury. Its finding in this regard, if supported by any evidence, cannot be disturbed by this court. (*Massachusetts Bonding & Ins. Co.* v. *Industrial Acc. Com.*, 36 Cal. App. (2d) 96 [96 Pac. (2d) 1009]; *Head Drilling Co.* v. *Industrial Acc. Com.*, 177 Cal. 194 [170 Pac. 157]; *United States F. & G. Co.* v. *Industrial Acc. Com.*, 95 Cal. App. 186 [272 Pac. 589].)

■ Applying this test to the record before us, it is clear the award must be affirmed. There was a large volume of medical evidence submitted in the form of reports of five doctors and the testimony, as well, of one of them. Counsel for petitioner have devoted a good deal of space in their briefs to an analysis of this medical evidence with a view to showing that the acute condition of September, 1937, on which Vold's disability ensued, was not the result of the injury received on September 3, 1937, but was merely the culmination of a long-standing growth on the knee. There is no doubt an abundance of medical evidence to support such a

conclusion. But the commission—the trier of the facts—did not reach such conclusion. It found, on the other hand, that the proximate cause of Vold's disability was the injury which he sustained on September 3, 1937, and there is evidence in the record to support such finding. The employee testified that he received the injury from which he was suffering on September 3d, and his fellow employee who was with him at the time corroborated him. The only oral testimony given by a doctor at the hearing was that of Dr. William W. Washburn, who was called by the petitioner. The other medical testimony was in the form of written reports. Dr. Washburn testified in answer to questions by Vold's counsel, that, on the 20th of September, when Vold knelt on the knife handle, he "had a pretty 'hot' knee"; further, "if the doctor got pus out of that knee he had a knee that wasn't fit to kneel on at all that day, the day before"; and, further, "He had pus in that knee and that pus could not possibly have come there as a result of that injury of September 20th, and if there was pus there there certainly was something prior to the 20th, and pus in a knee must come out." When asked whether he thought the contact between the knife handle and the injured portion of the knee was or was not a factor in "hastening the acute situation" the doctor replied: "I feel the acute situation had possibly existed for a few days or weeks and the impact called his attention forcibly to the knee, to a sensitive tender knee."

It is true that Dr. Washburn also gave it as his opinion that the injury was occupational. The commission, however, found that the injury was on the 3d of September, which was seventeen days before the 20th ("a few days or weeks"). Dr. Washburn's testimony clearly was sufficient to rule out the incident of September 20th as the proximate cause of the accident, and to sustain the finding that the injury of September 3d was the proximate cause.

There is other medical testimony in the record from which the commission could find that, although the employee's occupation requiring him to be constantly on his knees was the primary cause of the condition found to exist in September of 1937, the immediate efficient proximate cause was the injury of September 3, 1937. There was ample medical testimony that, had the employee not received the bump on

September 3, 1937, he would have been able to continue his work indefinitely.

The employee testified that, from May, 1937, to August, 1937, he was engaged in his own business, but was unsuccessful; that in August, 1937, he returned to work for Malott & Petersen; that, although his knee had been sore in July, 1937, in August of 1937 his knee was in fine condition.

Under this state of the record the commission was justified in finding that the actual disabling injury occurred on September 3d. The mere existence of the preexisting non-disabling condition, which was admitted, does not necessarily preclude the commission from finding that the disabling injury occurred on a specific date, and awarding compensation based on that injury. ■ Industry takes the employee as he is at the time of his employment. For subsequent injuries lighting up or aggravating that condition, rendering it disabling, he is entitled to compensation. (*Hendrickson* v. *Industrial Acc. Com.,* 215 Cal. 82 [8 Pac. (2d) 833] ; *Thoreau* v. *Industrial Acc. Com.,* 120 Cal. App. 67 [7 Pac. (2d) 767].)

■ It is not only unnecessary, but it would be improper for this court to review, compare and weigh all the medical testimony in the record. As already stated, if there is any evidence—any substantial evidence—to support the finding it cannot be disturbed.

■ The point is made that when Vold filed his first application he did not even mention the injury of September 3d, but only that of September 20th. To an amendment to his application he attached a rider in which, for the first time, the injury of the third was mentioned. This failure to specify the third in his application, of course, was a matter of argument to be addressed to the trier of the facts. It might have discredited or weakened his case, but it was for the commission to say whether it did or not. Apparently it did not, for the decision opens by granting leave to amend the application to show the correct date as September 3d.

■ Complaint is made that the commission omitted to find on all the issues. The affirmative findings which were made imply negative findings on all the other issues. (*Wickstrom* v. *Industrial Acc. Com.,* 3 Cal. App. (2d) 135 [39 Pac. (2d) 887] ; *County of Los Angeles* v. *Industrial Acc. Com.,* 14 Cal. App. (2d) 134 [57 Pac. (2d) 1341].)

For the foregoing reasons the award should be, and it is, affirmed.

Peters, P. J., and Ward, J., concurred.

An application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 30, 1940.