[L. A. No. 19627. In Bank. Sept. 30, 1946.]

COLONIAL INSURANCE COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, VICTOR E. PEDROZA et al., Respondents.

Herlihy & Herlihy for Petitioner.

Wm. E. Colby, Geo. W. Wilson, Newlin, Holley, Sandmeyer & Coleman, Ray J. Coleman, Edwin A. McDonald, Jr., and W. N. Mullen as Amici Curiae on behalf of Petitioner.

Everett A. Corten and R. C. McKellips for Respondents.

CARTER, J.—Respondent, Industrial Accident Commission, found that the applicant, Victor E. Pedroza, while employed as ''crusher'' operator on October 29, 1943, by Emsco Refractories Company, a corporation, hereinafter referred to as employer, engaged in manufacturing bricks, sustained an injury arising out of his employment consisting of silicosis due to exposure to silica dust. Pedroza was employed by said employer during various dates from 1928 to the date of the injury; he did not work for any other employer. At the time of the injury, petitioner, Colonial Insurance Company, was the employer's compensation insurance carrier and had been such from January 8, 1935, to February 5, 1935, and April 17, 1941, to and after the date of injury. During the other times between 1928 and 1943, the employer's insurance carriers were, first, Associated Indemnity Corporation, October 26, 1927, to October 26, 1930; second, The Travelers Insurance Company, October 26, 1930, to October 26, 1931; third, The Ocean Accident and Guarantee Corporation, October 26, 1931, to October 26, 1933; fourth, The Travelers Insurance Company, October 26, 1933, to December 22, 1933; fifth, Limited Mutual Corporation Insurance Company, December 22, 1933, to December 28, 1934; (employer uninsured to January 8, 1935); sixth, Colonial Insurance Company (policy excepted industrial disease) above mentioned; (employer uninsured to February 20, 1937); eighth, New Amsterdam Casualty Company, February 20, 1937, to April 7, 1937; ninth, Guarantee Insurance Company, April 7, 1937, to November 15, 1937, (policy excluded industrial disease); tenth, Guarantee Insurance Company, November 15, 1937, to April 17, 1941.

It is conceded by petitioner that the employee is suffering from silicosis and that he was exposed to silica dust, all during his employment by the employer. There is medical evidence that the disease was due to the exposure during the time mentioned. There is no doubt that the evidence is sufficient to establish that Pedroza was exposed to the dust laden atmos-

phere while petitioner was the insurance carrier of his employer to an extent which contributed to the ultimate disability, and that the conditions of employment during that time were a proximate cause of the disability. Assuming the exposure over the entire period was the cause of the ultimate disability the issue is whether an award for the entire disability may be made against petitioner, the insurance carrier of the employer, for the two years next preceding Pedroza's disability.

 We believe the more workable and fairer rule to be in progressive occupational diseases, that the employee may, at his option, obtain an award for the entire disability against any one or more of successive employers or successive insurance carriers if the disease and disability were contributed to by the employment furnished by the employer chosen or during the period covered by the insurance even though the particular employment is not the sole cause of the disability. To require an employee disabled with such a disease to fix upon each of the carriers or employers the precise portion of the disability attributable to its contribution to the cause of the malady is not in consonance with the required liberal interpretation and application of the workmen's compensation laws. The successive carriers or employers should properly have the burden of adjusting the share that each should bear and that should be done by them in an independent proceeding between themselves. They are in a better position to produce evidence on the subject and establish the proper apportionment. All of them may have contributed to the disability and the employee should be permitted to proceed against and have an award against any or all of them for the whole disability if the evidence discloses that he was exposed to silica dust during his period of employment with each of the employers named.

It has been held in cases of progressive occupational diseases that the insurance carrier at the time when a compensable disability occured is liable for the full disability although the exposure and progress of the disease may have accumulated over a period of time when other carriers were obligated. (*Sylvia's Case,* 313 Mass. 313 [47 N.E.2d 293]; *Borstel's Case,* 307 Mass. 24 [29 N.E.2d 130]; *Evans' Case,* 299 Mass. 435 [13 N.E.2d 27]; *Donahue's Case,* 292 Mass. 329 [198 N.E. 149]; *Donahue's Case,* 290 Mass. 239 [195 N.E. 345]; *Yurow* v. *Jersey Hat Corp.,* 131 N.J.L. 265 [36 A.2d

296] ; *Natural Products R. Co.* v. *Court of Common Pleas,*
123 N.J.L. 522 [10 A.2d 148] ; *Domscheit* v. *Natural Products
Refining Co.,* 14 N:J.Misc. 403 [185 A. 483] ; *Textileather
Corp.* v. *Great American Indem. Co.,* 108 N.J.L. 121 [156
A. 840] ; *King* v. *St. Louis Steel Casting Co.,* 353 Mo. 400
[182 S.W.2d 560].) And that the disability is said to be
proximately caused by the later accumulation although it only
contributed to it. (*Sylvia's Case, supra; Evans' Case, supra;
Borstel's Case, supra; Donahue's Case, suprá; King* v. *St.
Louis Steel Casting Co., supra.*) In dealing with the question
of when the statute of limitation commences to run in progres-
sive occupational disease cases this court has said : ''An injury,
then, may·arise out of, and in the course of, the employment
when there is a causal connection between the employment
and the injury; but for purposes of compensation the injury
dates from the time when the diseased condition culminates in
an incapacity for work. It is at that time that the employer's
liability becomes fixed; for until then the workman had re-
ceived no injury in the legal sense, though the seeds productive
of the injury had lodged in his frame long before.'' (*Marsh*
v. *Industrial Acc. Com.,* 217 Cal. 338, 345 [18 P.2d 933].) In
those cases from other jurisdictions the carrier at the time
the compensable disability arose is alone liable and nothing is
said about contribution or apportionment between successive
carriers while the effects of the disease are accumulating, but
we believe a more just rule is to allow the carriers such an
opportunity. The essence of the holdings is nevertheless that
it is sufficient if the employment contributes to the ultimate
disability. ■ True the disease must arise out of the employ-
ment—must be employment connected, but a particular em-
ployment is not required to be the sole proximate cause of the
disease. As long as it substantially and proximately con-
tributed to it, the employer may be held liable for the full
disability. All the time during exposure the employee is con-
tracting, and to varying degrees, has the disease. ■ The
workmen's compensation laws provide : ''In case of aggrava-
tion of any disease existing prior to a compensable injury,
compensation shall be allowed only for the proportion of the
disability due to the aggravation of such prior disease which
is reasonably attributed to the injury.'' (Lab. Code, § 4663.)
But that section must be read in light of the rule that an em-
ployer takes the employee as he finds him at the time of
employment and when subsequent injury lightens up or ag-

gravates a previously existing condition rendering it disabling, liablity for the full disability without proration is imposed upon the employer. (*Tanenbaum* v. *Industrial Acc. Co.*, 4 Cal.2d 615 [52 P.2d 215]; *Hendrickson* v. *Industrial Acc. Com.*, 215 Cal. 82 [8 P.2d 833]; *G. L. Eastman Co.* v. *Industrial Acc. Com.*, 186 Cal. 587 [200 P. 17]; *Limited M. C. Ins. Co.* v. *Industrial Acc. Com.*, 37 Cal.App.2d 50 [98 P.2d 837]; *Mullane* v. *Industrial Acc. Com.*, 118 Cal.App. 283 [5 P.2d 483].) It is said in *Tanenbaum* v. *Industrial Acc. Com.*, *supra*, at page 617: "The underlying theory is that the employer takes the employee subject to his condition when he enters the employment, and that therefore compensation is not to be denied merely because the workman's physical condition was such as to cause him to suffer a disability from an injury which ordinarily, given a stronger and healthier constitution, would have caused little or no inconvenience. In such cases *full compensation for the entire disability* suffered is recoverable although the physical condition of the employee *contributed* to and increased the disability caused by the injury or prolonged and interfered with healing and recovery. In other words, there is no authority for prorating the extent of the disability due to the accident itself on the one hand and that due to the aggravation caused by the employee's physical condition on the other." (Emphasis added.) It is true that in those cases the disability was apportioned according to the extent it was caused by the preexisting condition and the industrial injury, but there the prior condition had already resulted in a partial disability which was not attributable to his employment while in progressive occupational disease cases the disease is being contracted and accumulated during various employments. Although no compensable disability has been suffered the disease is employment connected. Moreover, in cases of progressive occupational diseases the disease does not previously exist. It is building up over a period of time and is not theretofore disabling.

It is not unusual that employers may be jointly and severally liable. The burden of the disability is to be borne by industry and a general and special employer of the employee are *severally* liable. This court said: "Since both employers are discharged, as between insurance companies, equity and fair dealing certainly demand that payment be made by the company which received the premium for the coverage. *But that is a matter to be settled between the insurance carriers,*

if necessary in an independent suit. The Workmen's Compensation Act imposes upon special and general employers a joint and several obligation (*Diamond D. etc. Co.* v. *Industrial Acc. Com.*, 199 Cal. 694 [250 P. 862]; *Famous Players etc. Corp.* v. *Industrial Acc. Com.*, 195 Cal. 134 [228 P. 5, 34 A.L.R. 765]; *Department of Water & Power* v. *Industrial Acc. Com.*, 220 Cal. 638 [32 P.2d 354]) and the employee may proceed against either or both of them and, having chosen to seek awards against both, he is entitled to an award against each, jointly and severally, for the full benefit allowed him by the act. (*Standard Acc. Ins. Co.* v. *Industrial Acc. Com.*, 123 Cal.App. 443 [11 P.2d 401].) *Whatever may be the equities between the employers and their insurance carriers,* we think it would be against the policy of the compensation act, and contrary to its spirit and intent, to allow an agreement between joint obligors to *diminish the remedy of the employee.* Despite any agreement between themselves as to which of them shall bear the burden of their liability, the employers are jointly and severally liable to the employee and the award was properly made against both." (*American M. Ins. Co.* v. *Industrial Acc. Com.*, 8 Cal.2d 585, 588 [67 P.2d 103].) (Emphasis added.) (See, also, *Hartford A. & I. Co.* v. *Industrial Acc. Com.*, 8 Cal.2d 589 [67 P.2d 105].)

 The question of apportionment between successive employers or carriers has been before our appellate courts. (See, *Rubattino* v. *Industrial Acc. Com.*, 65 Cal.App.2d 288 [150 P.2d 538]; *Argonaut M. Co.* v. *Industrial Acc. Com.*, 21 Cal.App.2d 492 [70 P.2d 216]; *Associated Indem. Corp.* v. *Industrial Acc. Com.*, 124 Cal.App. 378 [12 P.2d 1075]; *Moore Shipbuilding Co.* v. *Industrial Acc. Com.*, 70 Cal.App. 495 [233 P. 392]; *Blanchard* v. *Industrial Acc. Com.*, 68 Cal.App. 65 [228 P. 359].) The main issue determined in those cases is that apportionment is permitted among successive carriers or employers but they do not give especial consideration as to the nature of the proceeding therefor or whether an award for the full amount may run against any one of the employers or carriers, the employment of which contributed proximately to the disease. Insofar as they may hold to the contrary of the rule heretofore announced, they are disapproved. In *Limited Mutual Comensation Ins. Co.* v. *Industrial Acc. Com.*, 37 Cal.App.2d 50 [98 P.2d 837], it is merely said that liability may be apportioned. It may be apportioned as between the successive carriers or employers but as to the employee he may

recover from any one of them during whose employment the disease was accumulating although no compensable disability had resulted during that period.

■ In the instant case the successive carriers were brought in as parties and inasmuch as the award was against one of them it may be said that the issue of apportionment was determined, that is, that it was determined that only one of them was liable. Insofar as the employee is concerned the award must be affirmed, for the carrier against whom the award was made had insured the employer during a period when the disease was accumulating and when the disability occurred. While there is evidence from which it might be said that the employee was working in a part of the plant where he was exposed to more dust during the above mentioned period and hence the disease may be more attributable to that period than others, although devices such as blowers and masks for lessening the hazard were used, yet the only medical evidence is that the employee has the disease and that he contracted it over a period of years. The issue of contribution or apportionment between the successive carriers should be separately determined.

■ Finally, petitioner argues that the hearing referee stated no grounds for her report favorable to applicant and that the referee to which the petition for rehearing was referred recommended denial because the case should be made a test case and that the case was not decided by the commission on the merits. There is nothing in the record to bear out those assertions. Findings of fact and conclusions of law were made and the procedure on rehearing was in proper order. The commission acted upon all matters. The mere mention by the rehearing referee of the case as a test case does not mitigate against the record showing correct and proper procedure and decision.

The award is affirmed but petitioner shall have the right to have determined the issue of apportionment among the carriers and the employer while uninsured, and the case is remanded to the Industrial Accident Commission for the purpose of making such apportionment, and ordering the other carriers and the employer to reimburse petitioner accordingly.

Gibson, C. J., Shenk, J., Traynor, J., and Schauer, J., concurred.

Rehearing was denied on October 28, 1946, and the opinion and judgment were modified to read as above.