[Civ. No. 7990.   Third Dist.   June 4, 1951.]

IDAHO MARYLAND MINES CORPORATION, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

Leonard, Hanna & Brophy for Petitioner.

T. Groezinger and Frank Finnegan for Respondents.

PEEK, J.—Petitioner seeks a review and an annulment of an award made by respondent commission of permanent disability to respondent Wilber L. Duncan.

The record shows that on November 1, 1948, Duncan, while employed as a miner by petitioner, was exposed to mine gas for approximately one half hour and became exhausted as a result thereof. He continued working until December 3, 1948, when his physical condition became such as to prevent him from further work as a miner. For one year thereafter, his employer, who was and is self insured, paid him compensation for temporary total disability. At the end of that time a question arose concerning his continued disability, and on December 3, 1949, Duncan filed with respondent commission an application for adjustment of claim. At the hearing thereon he testified he had worked in coal mines in Oklahoma from 1924 to 1932, and in California mines since 1938; that he now had no energy and was unable to work or engage in anything

other than minor exercise of short duration. He denied that he had any similar symptoms prior to the incident of November 1, 1948; that the only time he had ever noticed any shortness of breath was on previous occasions when he had been exposed to mine gas; that otherwise he had never had trouble with his chest. Approximately a month thereafter the respondent commission appointed Dr. Benjamin H. Wolfman as an independent medical examiner, who examined Duncan and filed his report with the commission. Counsel for petitioner then requested a further hearing for the purpose of cross-examining Dr. Wolfman. At that hearing the doctor testified generally concerning the condition of the employee's heart, stating that he was still disabled from the aggravation of that disease; that he was totally disabled for any occupation requiring physical exertion such as the usual duties of a miner, and that such condition was permanent, although slight improvement might occur. At one point in his examination the doctor testified that it was his opinion that 50 per cent of Duncan's disability was due to a preexisting arteriosclerosis condition uninfluenced by the exposure to gas and that the remaining 50 per cent was attributable to the incident itself. However, later in his testimony he stated that if the injury had not occurred the employee's preexisting heart disease would not have interfered with his working ability. Specifically, he was asked by the referee: "Well, if he hadn't had this injury then, he would have been good for seven, eight, or nine years more, wouldn't he?" To which question the doctor replied: "I assume that—several years—we don't know when an acute episode would come along and block off one of the arteries." Additionally he testified that Duncan's preexisting heart pathology made him more susceptible to disability following a gas incident than would have been the case of a man with a normal heart; also that in his opinion it was purely conjectural as to when Duncan's arteriosclerosis, uninfluenced by the injury, would have resulted in disability. The record further discloses testimony by the permanent disability rating specialist for the commission to the effect that the rating of 73¼ per cent permanent disability was for Duncan's entire disability and that no attempt had been made to apportion the rating between the injury and the heart disease. The commission found accordingly. Petitioner then sought a hearing upon substantially the same grounds as are urged herein, and following the denial thereof filed its petition for review in this court.

Petitioner makes no attack upon the commission's evaluation of Duncan's permanent disability at 73¼ per cent. However, it is urged that by reason of Dr. Wolfman's testimony one half of said disability should have been apportioned to the injury, occasioned by his exposure, and the other half of said disability should have been apportioned to the preexisting heart condition. While it is true, as petitioner contends, that the doctor did testify that Duncan's present disability should be so apportioned, it is also true, as we have noted, that the doctor also testified directly contrary thereto.

■ Under such circumstances petitioner at the outset is confronted with the well settled rule that it is the province of the commission to resolve conflicts in the evidence (*Liberty Mutual Insurance Co.* v. *Industrial Acc. Com.*, 33 Cal.2d 89 [199 P.2d 302]), and this is true whether the conflict arises from the testimony of one witness or whether it arises from witnesses upon opposing sides. (*People* v. *Holman*, 72 Cal. App.2d 75, 90 [164 P.2d 297].) ■ Hence where, as here, there is substantial evidence to support the findings and award of the commission this court cannot substitute its views for those of the commission and annul the award (*Riskin* v. *Industrial Acc. Com.*, 23 Cal.2d 248 [144 P.2d 16]) even though we might regard, as does petitioner, the portions of Dr. Wolfman's testimony which is favorable to it, as more convincing and amply sufficient to support a contrary decision. (*Gardner* v. *Industrial Acc. Com.*, 73 Cal.App.2d 361 [166 P.2d 362].)

■ It necessarily follows that since respondent determined upon conflicting and substantial evidence that the claimant's disability was an industrial injury occasioned by exposure to gas which aggravated a preexisting disease, there is no basis for the application, as petitioner contends, of the apportionment rule as set forth in Labor Code, section 4663. As the Supreme Court stated in *Colonial Insurance Co.* v. *Industrial Acc. Com.*, 29 Cal.2d 79, 83, 84 [172 P.2d 884] : "That section must be read in light of the rule that an employer takes the employee as he finds him at the time of employment and when subsequent injury lightens up or aggravates a previously existing condition rendering it disabling, liability for the full disability without proration is imposed upon the employer."

■ Petitioner's further contention, that Labor Code, section 4750, also applies, is likewise without merit. That section applies only to cases where the employee presently "is suffering from a previous permanent disability or physical impair-

ment.'' Here, although the evidence shows that Duncan had a latent heart disease prior to his injury, his as well as the medical testimony establishes without conflict that he had no ''permanent disability or physical impairment'' prior thereto.

The award is affirmed.

Adams, P. J., and Van Dyke, J., concurred.

A petition for a rehearing was denied July 2, 1951, and petitioner's application for a hearing by the Supreme Court was denied August 2, 1951.