[Civ. No. 66130. Second Dist., Div. Three. July 27, 1983.]

INDUSTRIAL INDEMNITY COMPANY, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD,
NATIONAL STEEL & SHIPBUILDING CO., INC., et al., Respondents.

### COUNSEL

Manchester, Weling, Leland & Yager and Stafford R. Leland for Petitioner.

Richard W. Younkin, William B. Donohoe, Alvin R. Barrett, Taylor, Wilson & Potter, William H. Taylor, Littler, Mendelson, Fastiff & Tichey and Daniel Nachison for Respondents.

### OPINION

**LUI, J.**—Petitioner Industrial Indemnity Company seeks review of a finding by the workers' compensation judge (WCJ) that it is premature to determine liability pursuant to Labor Code section 5500.5.[1] As we shall explain, petitioner is entitled to relief because it was entitled to a present determination of liability by the WCJ.[2]

### FACTS

Applicant and respondent Vincent James Pisciotta filed an application for workers' compensation benefits alleging an industrial injury to his lungs and pulmonary system from asbestos exposure while employed by National Steel

---

[1] Hereinafter, all references shall be to the Labor Code unless otherwise indicated.

Section 5500.5 provides in pertinent part: "(a) Except as otherwise provided in Section 5500.6, liability for occupational disease or cumulative injury claims filed or asserted on or after January 1, 1978, shall be limited to those employers who employed the employee during a period of four years immediately preceding either the date of injury, as determined pursuant to Section 5412, or the last date on which the employee was employed in an occupation exposing him to the hazards of such occupational disease or cumulative injury, whichever occurs first. Commencing January 1, 1979, and thereafter on the first day of January for each of the next two years, the liability period for occupational disease or cumulative injury shall be decreased by one year so that liability is limited in the following manner:

"For claims filed or asserted on or after: The period shall be:

January 1, 1979 ................................................................three years

January 1, 1980 ........................................................ two years

January 1, 1981 and thereafter ........................................................ one year

"In the event that none of the employers during the above referenced periods of occupational disease or cumulative injury are insured for workers' compensation coverage or an approved alternative thereof, liability shall be imposed upon the last year of employment exposing the employee to the hazards of such occupational disease or cumulative injury for which an employer is insured for workers' compensation coverage or an approved alternative thereof."

[2] Originally, this court denied the petition for writ of review. The Supreme Court granted Industrial Indemnity Company's petition for hearing and transferred the matter back to this division with instructions that we issue a writ of review.

& Shipbuilding Co., Inc. (National) from 1958 to 1980. Industrial Indemnity insured National from 1960 to October 1, 1966, and National was self-insured thereafter.

The applicant testified that he was a waysman-leadman for National during the entire period of employment. During the first twenty years of his employment he worked on repairs; during the last three and one-half to four years he worked on new construction.

While working on repairs, he was exposed to asbestos from ripping out asbestos insulated pipes and valves. The asbestos would be cut loose with sharp knives, then gathered and removed. The applicant worked without a mask in an extremely dusty process.

The applicant worked long hours from 1958 to approximately 1968. From 1968 to 1978, he performed the same type of work, but worked fewer hours with asbestos material. He began using a mask between 1972 and 1976.

The applicant continued to have asbestos exposure until 1978 or 1979, when he went to work on new construction. He is aware of no asbestos exposure since that time.

His present complaints consist of a persistent cough, shortness of breath, easy fatigue, and difficulty in lifting heavy objects.

The medical report of Dr. Frederick Hamly, dated March 25, 1981, noted applicant's employment history which included approximately 20 years of work in refitting old ships. He was transferred from this work to new construction in 1978 or 1979. During the period he was engaged in refitting, from approximately 1968 or 1969 to 1978 or 1979, one of applicant's main work responsibilities was to rip out asbestos. Based on this history, Dr. Hamly concluded that the applicant has asbestosis.

Dr. W. G. Hughson reported the same history of applicant's exposure to asbestos on February 11, 1982, and found that the applicant has pleural plaque, one of the signs of asbestosis, in his left lung due to his exposure to asbestos at National. Dr. Hughson concluded that the applicant "is of increased risk of developing lung cancer and mesiothelioma [*sic*]" due to applicant's asbestos exposure and cigarette smoking. Dr. Hughson also stat-

ed: "An important concept in the evaluation of asbestosis is the latency period between injurious exposure and subsequent development of disease. It is generally accepted (Reference Fraser and Pare) that an interval of approximately 20 years from the time of exposure to the development of pulmonary fibrosis, pleural plaques, or carcinoma of the lung usually occurs. A longer period, approximately thirty years, usually passes before the development of mesiothelioma [*sic*]." Dr. Hughson did not specify, however, any particular period of applicant's employment at National as exclusively exposing the applicant to the hazards of asbestosis.

The WCJ determined that applicant sustained industrial injury to his lungs from asbestos exposure in the form of pleural scarring, but found that "[i]t is premature to determine when the last injurious exposure took place in order to assess liability pursuant to the *Stanley* case [*Scott Co.* v. *Workers' Comp. Appeals Bd.* (1983) 139 Cal.App.3d 98 [188 Cal.Rptr. 537], which is hereinafter referred to and commonly known as the '*Stanley* case'] in [*sic*] Labor Code Section 5500.5." The WCJ reasoned, "I have concluded based in part upon the results of pulmonary function testing, the applicant's ability to keep working, and his relatively minimal subjective complaints, that the applicant does not as yet have significant disability as a result of his injury and that his condition may well deteriorate to the point where significant disability and/or development of malignancy may occur. Until this does occur, if it ever does, it is premature to determine when the last date of injurious exposure was. It is therefore premature for me to make such a finding and no such finding was made."

In his report and recommendation on reconsideration, the WCJ stated further, "[d]epending upon what labor disabling asbestos related condition the applicant may ultimately develop, the last injurious exposure may vary. For example, the latency period of mesothelioma may be different [from] the latency period for the development of restrictive lung disease causing reduced pulmonary function as a result of exposure to asbestos. Therefore, it is my position that until such time as the nature of the labor disability disease becomes apparent, it is impossible and indeed, premature, to determine when the last injurious exposure occurred." The board denied reconsideration, incorporating by reference the WCJ's report and recommendation.

## ISSUES ON APPEAL

■ The issues presented herein are whether the WCAB erred in deferring a determination of liability pursuant to section 5500.5, and, if so, on what basis the date of the injury should be determined.

DISCUSSION

Article XIV, section 4, of the California Constitution provides that the workers' compensation system "shall accomplish substantial justice in all cases expeditiously, inexpensively, and without incumbrance of any character; . . ."

Section 5313 provides: "The appeals board or a referee shall, within 30 days after the case is submitted, make and file findings upon all facts involved in the controversy and an award, order, or decision stating the determination as to the rights of the parties. Together with the findings, decision, order or award there shall be served upon all the parties to the proceedings a summary of the evidence received and relied upon and the reasons or grounds upon which the determination was made." Section 5313 is mandatory, not discretionary. (*Liberty Mut. Ins. Co.* v. *Ind. Acc. Com.* (1964) 231 Cal.App.2d 501, 509 [42 Cal.Rptr. 58].) Therefore, an award which fails to make a finding on a material issue cannot stand. (*Pierson* v. *Industrial Acc. Com.* (1950) 98 Cal.App.2d 598 [220 P.2d 794].)

The WCJ's determination that a finding of liability pursuant to section 5500.5 may be postponed indefinitely until the applicant's condition is permanent and stationary constitutes an abdication of the WCJ's mandated duty. Further, section 5500.5 expressly provides a statutory scheme for determination of liability in an occupational disease claim.

Section 5500.5 was amended in 1977, to restrict the statutory period used to determine employer liability for occupational disease and cumulative injury. Pursuant to this amendment, the period which determines employer liability was decreased from five years to one year over a four-year period and the exception to the restricted period for a single employer was eliminated. Thus, if such claims were filed on or after January 1, 1981, the liability would be limited to the employer(s) who employed the applicant during the last year of employment in the occupation exposing the applicant to the hazards of the occupational disease or cumulative injury, unless the applicant has suffered disability on a previous date.[3]

In *Stanley, supra,* 139 Cal.App.3d 98, 105-106, the First District recognized the inherent difficulty in interpreting the language of section

---

[3]Section 5412 provides: "The date of injury in cases of occupational diseases or cumulative injuries is that date upon which the employee first suffered disability therefrom and either knew, or in the exercise of reasonable diligence should have known, that said disability was caused by his present or prior employment."

Section 5412 is not determinative herein because the applicant has not yet been found to be disabled.

5500.5, stating, "[t]he legislative history of the 1977 amendments [to § 5500.5] clearly indicates that while the time restrictions on employer liability were concerned with streamlining procedures and allocating costs among employers and insurers, they were never viewed as eliminating the fundamental causation requirement. (Assem. Com. on Finance, Insurance and Commerce, Interim Hearings on the Problems of Assuring Payments of Compensation for Cumulative Occupational Injuries (Jan. 12 & 19, 1977) pp. 114-115, 126, 188, 190, 198, 225, 237.) At those hearings, moreover, it was expressly recognized that the proposed time restrictions on employer liability would not resolve the problem of the 'long tail liability' of diseases such as mesothelioma."

The court in *Stanley* concluded that where substantial medical evidence indicated that the last date of *injurious* exposure was actually prior to the last date an employee worked with asbestos, the relevant date for purposes of liability pursuant to section 5500.5 was the last date of the period of injurious exposure which caused the asbestos-related disease. (*Id.*, at pp. 106-107.)

In *Stanley,* the applicant filed an application for workers' compensation benefits in 1979, alleging that he developed mesothelioma as a result of asbestos exposure in the course of employment with several employers from 1938 to 1970. The medical evidence consisted of the opinions of two physicians who reported that a peculiar feature of mesothelioma is a lengthy period between exposure to asbestos and the presence of a tumor. Both of the physicians agreed that it was extremely unlikely that any exposure to asbestos after 1963 (within 15 years of the tumor's appearance) contributed to the development of the tumor. Based on that evidence, the *Stanley* court affirmed the Workers' Compensation Appeals Board's finding that the last date of injurious exposure for purposes of section 5500.5 was in 1963.

The facts in the instant case differ from *Stanley* because in this case the WCJ found that the medical evidence established only that exposure to asbestos caused injury to applicant's lungs; the WCJ did not identify any particular period or periods of applicant's employment as being the exclusive period(s) of injurious exposure. In such a case, we conclude that the language of section 5500.5, subdivision (a) (which specifically provides that one of the two dates for determining section 5500.5 liability is "[t]he last date on which the employee was employed in an occupation exposing him to the hazards of such occupational disease") is clear. This language authorizes finding that the *last date of occupational exposure to the disease-producing agent* asbestos, is the pertinent date of injury for the occupational disease asbestosis, in the absence of evidence that a different period of

exposure was exclusively hazardous. Such a finding does not violate the causation requirement of section 3600[4] so long as the employee has established by substantial evidence that he has suffered industrial asbestosis from exposure in the course of employment to the disease-producing agent asbestos. As discussed by the Supreme Court in *City of Torrance* v. *Workers' Comp. Appeals Bd.* (1982) 32 Cal.3d 371 [185 Cal.Rptr. 645, 650 P.2d 1162], section 5500.5 was originally enacted to codify the rule expressed in *Colonial Ins. Co.* v. *Industrial Acc. Com.* (1946) 29 Cal.2d 79 [172 P.2d 884], that an employee claiming benefits for an occupational disease could recover against any one of successive employers whose employment contributed to the disease. The court held in *Colonial Ins. Co.*, that "in progressive occupational diseases, . . . the employee may, . . . obtain an award for the entire disability against any one or more of successive employers or successive insurance carriers if the disease and disability were contributed to by the employment furnished by the employer . . . even though the particular employment is not the sole cause of the disability." (*Id.*, at p. 82.) Pursuant to the *Colonial Ins. Co.* rationale and section 5500.5 as it exists today, we conclude that where the employee has established industrial asbestosis after a period of exposure to asbestos, the board is authorized, for those claims filed in 1981, to impose liability on those employers employing the employee within the last year of exposure to asbestos in the absence of substantial evidence demonstrating that a prior period of employment was the sole cause of the disease.

We hold, therefore, that in the absence of substantial medical evidence establishing that a prior period of employment constituted the exclusively hazardous exposure to the occupational disease asbestosis, section 5500.5 requires the board to determine liability herein strictly according to the applicant's last date of exposure to asbestos.[5] It was erroneous for the WCJ and board to abdicate their responsibilities to make the required findings by

---

[4]Section 3600 provides in relevant part: "(a) Liability for the compensation provided by this division, in lieu of any other liability whatsoever to any person except as otherwise specifically provided in Sections 3602, 3706, and 4558, shall, without regard to negligence, exist against an employer for any injury sustained by his or her employees arising out of and in the course of the employment and for the death of any employee if the injury proximately causes death, in those cases where the following conditions of compensation concur: [¶] (1) Where, at the time of the injury, both the employer and the employee are subject to the compensation provisions of this division. [¶] (2) Where, at the time of the injury, the employee is performing service growing out of and incidental to his or her employment and is acting within the course of his or her employment. [¶] (3) Where the injury is proximately caused by the employment, either with or without negligence."

[5]In so holding, we do not disagree with *Stanley*. We believe that the employee who has proven industrial injury is entitled to a present determination as to which employer is liable to provide benefits. In *Stanley*, the evidence of periods of injurious exposure was proven by substantial evidence. Here, no such conclusive evidence has been presented.

attempting to indefinitely postpone a determination of whether Industrial Indemnity or permissibly self-insured National was liable for the injury.

For that reason, we annul the WCJ's findings and award and the board's decision after reconsideration, and direct the board to issue a new and different decision consistent with the views expressed herein.

Klein, P. J., and Danielson, J., concurred.

A petition for a rehearing was denied August 25, 1983.