[No. G018378. Fourth Dist., Div. Three. July 26, 1996.]

GENERAL ACCIDENT INSURANCE COMPANY, Petitioner, v. WORKERS' COMPENSATION APPEALS BOARD and FIREMAN'S FUND INSURANCE COMPANIES, Respondents.

**COUNSEL**

Liebman, Reiner & Walsh, Liebman & Reiner, Eva Bilac and Peter A. Karlin for Petitioner.

Parker & Irwin, Joan E. Partritz, Geoffrey H. Spencer and Donald W. Hitzeman for Respondents.

## OPINION

**RYLAARSDAM, J.**—General Accident Insurance Company (General) challenges a Workers' Compensation Appeals Board (WCAB) ruling denying its request to dismiss a claim by Fireman's Fund Insurance Companies (Fireman's) seeking contribution for an employee's continuous trauma injury. We hold (1) the one-year statute of limitations contained in Labor Code section 5500.5, subdivision (e) (further statutory references are to the Labor Code, unless otherwise indicated) applies to such a claim, (2) Fireman's did not satisfy the requirement of the statute by merely joining General as an additional party in the workers' comepnsation action, and (3) General was not estopped from relying on the statute of limitations. We therefore conclude General is entitled to the requested relief and grant the writ.

### FACTS

On January 23, 1990, Patricio Loterstein, an employee of R & H Designs, Inc. (R & H), filed a workers' compensation claim alleging he had suffered a continuous trauma injury commencing August 1, 1989. General provided workers' compensation coverage to R & H between September 1988 and December 18, 1989; Fireman's between December 22, 1989, and December 22, 1990. Loterstein's claim named Fireman's as R & H's carrier; Fireman's settled the matter with Loterstein and the WCAB approved the compromise and release on February 25, 1991.

One of Fireman's employees telephoned a General employee on February 20 and discussed General's participating in the settlement. General's representative told Fireman's it would have to join General in the proceedings and demand contribution. On February 25, a General employee telephoned Fireman's and asked it to send a "contribution letter," to request reimbursement. At Fireman's request, the WCAB issued an order joining General as a party defendant on March 15.

Almost a year later, Fireman's sent General a letter itemizing the medical and legal costs paid by it, and the amount of its settlement with Loterstein. The letter requested contribution. Over the next year and a half, Fireman's sent General four additional written requests for contribution. General's only response was to inform Fireman's that its requests were being forwarded to its Northern California office.

Fireman's did not file an application for adjudication of its contribution claim against General with the WCAB until January 1994. General objected, asserting Fireman's failed to file a timely petition for contribution. After an

evidentiary hearing, the workers' compensation judge found Fireman's was entitled to proceed against General for contribution. In his findings, the judge held section 5500.5, subdivision (e) did not apply "[b]ecause the . . . statute refers specifically to employer," and this case involved two insurance carriers. The judge also noted General was joined as a party in March 1991. Thus, he concluded: "Here we have a single employer with two different carriers covering one period of asserted injurious exposure. In light of that, coupled with the fact that defendant General . . . was aware of its potential involvement in this claim, nearly from the moment of the settlement agreement, it cannot be concluded that General . . . has been prejudiced in any way."

General petitioned the WCAB to reconsider the ruling. The workers' compensation judge recommended the request be denied, reiterating verbatim his reasons for the initial ruling. The WCAB denied General's petition, "[b]ased on our review of the record, and for the reasons stated in [the workers' compensation judge's] report . . . ."

DISCUSSION

1. *Section 5500.5*

This case concerns the scope of section 5500.5, which governs the procedure to be employed in cases where an employee suffers either an occupational disease or a cumulative injury. Section 5500.5 is a codification of the Supreme Court's decision in *Colonial Ins. Co.* v. *Industrial Acc. Com.* (1946) 29 Cal.2d 79 [172 P.2d 884]. (*City of Torrance* v. *Workers' Comp. Appeals Bd.* (1982) 32 Cal.3d 371, 374-375 [185 Cal.Rptr. 645, 659 P.2d 1162]; *Flesher* v. *Workers' Comp. Appeals Bd.* (1979) 23 Cal.3d 322, 327 [152 Cal.Rptr. 459, 590 P.2d 35].) There, an employee who contracted silicosis in the course of his employment, sought to recover against the carrier covering the employer when the disease manifested itself. The conditions causing the disease existed throughout his employment and the employer was covered by 11 different carriers during that time. ■ The Supreme Court held that, in cases involving "progressive occupational diseases," an "employee may . . . obtain an award for the entire disability against any one or more of successive employers or successive insurance carriers if the disease and disability were contributed to by the employment furnished by the employer chosen or during the period covered by the insurance even though the particular employment is not the sole cause of the disability." (*Colonial Ins. Co.* v. *Industrial Acc. Com., supra,* 29 Cal.2d at p. 82.) Thereafter, "[t]he successive carriers or employers should properly have the burden of adjusting the share

that each should bear and that should be done by them in an independent proceeding between themselves." (*Ibid.*)

Under section 5500.5, an employee suffering from an occupational disease or cumulative injury resulting from employment by more than one employer "may elect to proceed against any one or more of the employers." (§ 5500.5, subd. (c).) The other employers may be joined during the pendency of the proceeding, but their "liability . . . shall not be determined until supplemental proceedings are instituted." (§ 5500.5, subds. (b) & (c); see also *Flesher v. Workers' Comp. Appeals Bd.*, *supra*, 23 Cal.3d at pp. 325-326.)

The supplemental proceeding to determine contribution and apportionment is governed by section 5500.5, subdivision (e) which provides: "At any time within one year after the appeals board has made an award for compensation benefits in connection with an occupational disease or cumulative injury, any employer held liable under the award may institute proceedings before the appeals board for the purpose of determining an apportionment of liability or right of contribution. The proceeding shall not diminish, restrict, or alter in any way the recovery previously allowed the employee . . . , but shall be limited to a determination of the respective contribution rights, interest or liabilities of all the employers joined in the proceeding, either initially or supplementally. . . ."

2. *Section 5500.5's Application to Multiple Insurers of a Single Employer*

■ The WCAB concluded section 5500.5, subdivision (e) was inapplicable because it expressly refers only to an "employer," while this case concerned contribution between two carriers for the same employer. A review of the overall statutory scheme in workers' compensation matters and section 5500.5's construction by the courts shows that such a literal interpretation of the statute is erroneous.

" 'The fundamental rule of statutory construction is that the court should ascertain the intent of the Legislature so as to effectuate the purpose of the law. [Citations.] Moreover, "every statute should be construed with reference to the whole system of law of which it is a part so that all may be harmonized and have effect." [Citation.] If possible, significance should be given to every word, phrase, sentence and part of an act in pursuance of legislative purpose. [Citation.] Such purpose will not be sacrificed to a literal construction of any part of the act. [Citations.]' " (*Tidewater Oil Co.* v. *Workers' Comp. Appeals Bd.* (1977) 67 Cal.App.3d 950, 956 [137 Cal.Rptr. 36]; also see *Select Base Materials* v. *Board of Equal.* (1959) 51 Cal.2d 640, 645 [335 P.2d 672].)

Insurance Code section 11662 provides that when an employer acquires workers' compensation insurance, the "insurer is subrogated to the rights of the employer to recover losses arising out of" the insurer's "[a]ssuming the liability of the employer for" workers' compensation benefits, or "[p]ayment of" workers' compensation benefits "for which the employer is liable." Since section 5500.5, subdivision (e) permits an employer liable for an award of benefits "in connection with an occupational disease or cumulative injury" to "institute proceedings . . . for the purpose of determining an apportionment of liability or right of contribution," where an employer's insurer has paid the award it is subrogated to the employer's contribution rights. Such an insurer is thus entitled to the same remedies as those which accrue to the employer.

For example, in *State of Calif.* v. *Industrial Acc. Com.* (1957) 49 Cal.2d 354 [317 P.2d 8], several insurance carriers successfully obtained a reimbursement award under section 5500.5 against the state's Subsequent Injuries Fund. The state challenged the award, claiming ". . . the language of the statute does not authorize reimbursement to an insurance carrier as distinguished from an employer." (49 Cal.2d at pp. 355-356.) The Supreme Court affirmed the award, noting "various other statutory provisions indicate that no distinction is intended as between the employer and the carrier with respect to reimbursement rights." (*Id.* at p. 356.) In addition, the court stated: "To deny to the carriers the reimbursement provided by section 5500.5 would likewise deny to employers who must pay the higher premiums which would then follow, the relief contemplated by the section. Such results clearly would *pro tanto* defeat rather than carry out the intent of the Legislature." (*Id.* at p. 357.)

In *Republic Indemnity Co.* v. *Workers' Comp. Appeals Bd.* (1981) 115 Cal.App.3d 361 [171 Cal.Rptr. 265], the Court of Appeal held section 5500.5, subdivision (e) barred an insurance carrier's contribution proceeding against another carrier for the same employer where it failed to file the action timely. (115 Cal.App.3d at pp. 366-368.) The *Republic* court was called upon to decide when section 5500.5, subdivision (e)'s one-year limitation commences. The case did not expressly consider whether the statute applied in a proceeding between two carriers of the same employer. Thus, it does not resolve the question presented by this case. Nonetheless, the mere fact the court applied section 5500.5, subdivision (e) in a case concerning two insurers of one employer suggests it did not consider the statute to be limited to contribution proceedings between employers. Also, as we noted, section 5500.5 codified *Colonial Ins. Co.* v. *Industrial Acc. Com.*, *supra*, 29 Cal.2d 79, a case which involved multiple insurance carriers for a single employer.

We therefore conclude section 5500.5, subdivision (e) applies where, as here, the supplemental proceeding concerns multiple insurers for a single employer.

### 3. *Joinder*

At our request, the parties briefed whether Fireman's joinder of General satisfied section 5500.5, subdivision (e). We conclude the statute's requirement a party "institute proceedings" within one year after an award is not satisfied by the mere joinder of another employer or carrier subsequent to the approval of a compromise and release. A separate supplemental proceeding is required.

The language of section 5500.5 itself supports this conclusion. Subdivision (b) provides for joinder of necessary and proper parties in an occupational disease or cumulative injury benefits proceeding even after a hearing on the employee's claim. The last sentence of the subdivision provides: "Subsequent to the first hearing the appeals board shall *join* as a party defendant any additional employer when it appears that the employer is a proper party, *but the liability of the employer shall not be determined until supplemental proceedings are instituted.*" (Italics added.) Subdivision (c) permits the employee to elect to proceed against "any one or more of the employers." However, "[i]f, during the pendency of any claim wherein the employee or his or her dependents has made an election to proceed against one or more employers, it should appear that there is another proper party not yet joined, the additional party shall be *joined* as a defendant by the appeals board . . . , *but the liability of the employer shall not be determined until supplemental proceedings are instituted. . . .*" (*Ibid.*, italics added.) Finally, subdivision (e), after declaring the employer previously held liable must institute a supplemental proceeding within one year, states that proceeding "shall be limited to a determination of the respective contribution rights, interest or liabilities of all the employers *joined in the proceeding, either initially or supplementally. . . .*" (Italics added.)

A review of the case law points to the same result. *Colonial Ins. Co. v. Industrial Acc. Com.*, *supra*, 29 Cal.2d 79, from which section 5500.5 is derived, held the reimbursement and contribution rights of carriers and employers shall be decided "in an independent proceeding between themselves." (29 Cal.2d at p. 82.) A WCAB decision also held that the mere joinder of another employer or carrier is not sufficient to satisfy section 5500.5, subdivision (e). (*Mission Ins. Co. v. WCAB* (*Young*) (1978) 43 Cal.Comp. Cases 1143, 1144-1145.)

The rules of procedure adopted by the WCAB also support our conclusion. California Code of Regulations, title 8, section 10450 provides: "A request for action by the [WCAB], other than an Application for Adjudication, an Answer or Declaration of Readiness, shall be made by petition. . . ." In addition, secondary authorities on workers' compensation law declare a supplemental proceeding under section 5500.5, subdivision (e) should be commenced by a separate petition. (See Cal. Workers' Compensation Practice (Cont.Ed.Bar 1985) Supplemental Proceedings, §§ 12.36, 12.37, pp. 478-479; 2 Hanna, Cal. Law of Employee Injuries & Workers' Compensation (2d ed. rev. 1996) § 31.13[2][a], p. 31-39.)

Thus, we conclude Fireman's joinder of General did not satisfy section 5500.5, subdivision (e)'s one-year statute of limitations.

### 4. *Estoppel*

Fireman's argues General is estopped from relying on section 5500.5, subdivision (e) because its employees made oral representations which Fireman's reasonably interpreted as an agreement for contribution. We disagree.

Generally, the question of whether a party's actions amounted to an estoppel precluding reliance on the statute of limitations presents a factual question. (*City etc. of San Francisco* v. *Workmen's Comp. App. Bd.* (1970) 2 Cal.3d 1001, 1015-1016 [88 Cal.Rptr. 371, 472 P.2d 459].) However, here the evidence establishes the inapplicability of estoppel as a matter of law. While Fireman's asked General to join in the proceedings and Fireman's sent a letter requesting reimbursement, these requests alone cannot support an inference Fireman's was misled into believing General had agreed to contribute towards the Loterstein claim. Unlike the cases cited by Fireman's where unsophisticated claimants were lulled into inaction by the representations of more experienced employers or carriers, this case involves communications between presumably experienced employees of two licensed insurance carriers. Under these circumstances, a more compelling showing must be made to prove an estoppel claim. Furthermore, nothing General's employees said explains why Fireman's waited nearly a year to send General information concerning the amount of reimbursement demanded and waited almost two more years before seeking to adjudicate the contribution claim. We conclude the WCAB's implied rejection of Fireman's estoppel claim is supported by the record. (§ 5953; *Belmontez* v. *Workers' Comp. Appeals Bd.* (1992) 7 Cal.App.4th 786, 796 [9 Cal.Rptr.2d 405].)

### DISPOSITION

The WCAB's order denying General's petition for reconsideration is annulled and the matter remanded to the WCAB with directions to enter an

order dismissing Fireman's contribution claim as barred by section 5500.5, subdivision (e). General shall recover its costs in pursuing this petition.

Sills, P. J., and Sonenshine, J., concurred.